## COUNTY OF FRANKLIN.

### BURNHAM *versus* ELLIS.

The *declarations* of an agent, while in the transaction of the business confided to his charge, are binding upon his principal.

But his *recital* of a *past transaction* of the business of his principal, is regarded as hearsay testimony and inadmissible.

Although at the time of such *recital,* his agency continued, the declaration cannot be received.

ON EXCEPTIONS from *Nisi Prius,* HOWARD, J., presiding. TRESPASS, *quare clausum fregit.*

The general issue was pleaded, and a brief statement filed, that the acts, (if any,) were done under a license from the plaintiff.

Under this branch of the defence, after some evidence had been introduced to show that one Daniel Burnham, a brother of plaintiff, had acted for many years as the agent of the plaintiff, in regard to the described close, and still continued to act, and that plaintiff had never been on to the

close, the defendant was permitted to prove, though objected to, that said Daniel Burnham stated to the witness, that defendant came to him and he gave the defendant leave to go on to the close and cut masts or timber.

The cutting, &c., was denied by the defendant.

The question as to the agency of Daniel Burnham, and whether he was or not the agent of the plaintiff, and authorized to act for him in the matter of the alleged license, was distinctly submitted by the presiding Judge to the jury upon the evidence.

The verdict was for defendant and the plaintiff excepted to the ruling as to the admission of the testimony.

*Linscott & J. S. Abbott*, for the exceptions.

*Whitcomb & H. Belcher, contra,* cited, 1 Greenl. Ev. § § 113 and 114; *Haven & al.* v. *Brown & al.* 7 Maine, 421; 24 Pick. 35; Story on Agency, § § 134 and 137.

APPLETON, J. — It was in evidence, that Daniel Burnham was the general agent of the plaintiffs, having the control and management of the township, upon which the trespass set forth in the declaration, is alleged to have been committed. The contracts of an agent within the limits of his authority, and his declarations while in the transaction of business confided to his charge, are as binding on his principal as if made by him.

In the case before us, the statements of the agent do not appear to have been made by him while in the exercise of his delegated authority. They relate to the past, and must be considered as a mere recital of what had been done. The principal is not to be injuriously affected by the declarations of one who may be his agent, if in making them he was neither acting nor claiming to act as such agent. To hold the principal as bound by them, would be to regard the agency as extending not merely to the powers directly given, but as conferring, by implication, the further power of binding the principal by any thing he might choose to say about his past transactions as agent. The assertion of a

fact, in a casual conversation, in no way connected with the business of the principal, though made by an agent, must be viewed in the same light as if made by any other individual. The principal may make such statements about his own affairs as he may deem expedient, because they are his own. But the declarations of an agent, not made in the transaction of the business of his principal, cannot be received as evidence against him. He is agent for no such purpose.

It does not appear, that the statements received were made under such circumstances as could either legally or equitably bind the plaintiff. The agent is a competent witness and either party can obtain his testimony. In such case, the rights of the parties will be guarded by the securities which are afforded by the sanctions of an oath and the searching interrogatories of cross-examination.

Upon principle, as well as by the uniform current of decisions, the testimony received must be regarded as hearsay and legally inadmissible. Story on Agency, § 134, &c.; 1 Greenl. Ev. § 113.          *Exceptions sustained.* —
                              *New trial granted.*