56  333
86  209

## F. KLOTZ v. L. J. BUTLER AND HUSBAND.

HUSBAND AND WIFE.  *Account stated.  Plantation supplies.*

A husband may bind his wife by an account stated between him and one who has furnished supplies for the wife's plantation, or by giving his note for the sum found due; the effect of which is that, after proof that the supplies were for the wife's plantation, and the introduction of the note, or proof of the stated account, the correctness of the amount will be presumed, but with the right of the wife to controvert either the consideration or the amount.

ERROR to the Circuit Court of Copiah County.

Hon. S. S. CALHOON, Judge.

The case is stated in the opinion of the court.

*R. N. Miller*, for the plaintiff in error.

The testimony shows that the supplies were furnished and used on the wife's plantation. The husband is the wife's agent, appointed by the statute, by which alone his powers and authority to bind the wife are to be measured.

In *Clopton* v. *Matheny*, 48 Miss. 385, this court, in defining the limit of the husband's authority as statutory agent of the wife, clearly held that he was empowered to do any thing in and about contracting for plantation supplies. It was distinctly held that his note was good to save the bar of the Statute of Limitations. If he can so bind her estate for plantation supplies, there can be no good reason why he is not equally her agent to adjust the amount due, and time of payment. Like any other trustee, he may examine accounts, and bind the trust-estate by an account stated. This is for the married woman's interest; otherwise she might be sued, in every instance, at the maturity of the debt, if any one would deal with such an anomalous agent as her husband would be.

*Ben. King, Jr.*, for the defendants in error.

The husband's power to bind the wife's estate is conferred and to be measured by the Code of 1871, sect. 1780, and the statutes in modification and amendment thereof. The essential thing is, that no judgment shall be rendered against the wife " unless the liability of her separate property be first established." Code 1871, sect. 1783. The note does not establish this. The hus-

band cannot bind his wife by an admission, written or verbal, thereof. She cannot estop herself. The liability must be proved. She did not sign the note, and is not bound thereby. Story on Ag., sects. 147–162. The husband could not bind the wife by an account stated. She can be sued only on an open account, and the facts that she has a separate estate, and that the items are supplies used on her plantation, must be proved by the plaintiff. Such proof was not possible in this case; because, no bill of particulars having been filed, it was inadmissible under the statute. Code 1871, sect. 580. Again, the plaintiff must prove that the agent acted within the scope of his limited agency. *Carter* v. *Taylor*, 6 Smed. & M. 373. To do this, he must prove that the wife had a plantation, for supplies for which the account sued on was contracted.

CHALMERS, J., delivered the opinion of the court.

The action was against the wife, for plantation supplies bought by the husband, the latter being joined in the suit, for conformity.

Plaintiff counted, in the declaration, upon a note executed by the husband, and upon an account stated.

In support of the second count, he proved that the supplies furnished were purchased for and used upon the wife's plantation; that at the end of the year a settlement took place between himself and the husband; and that the balance was ascertained and agreed upon, and the note of the husband taken for the amount due. He had no dealings or conversation with the wife.

Upon motion of defendant, all the testimony was excluded from the jury, upon the ground that no itemized bill of particulars of the goods furnished had been filed with the declaration, as required, in suits on open account, by sect. 580 of the Code of 1871.

All the testimony being excluded, the jury, of course, returned a verdict for the defendant.

The exclusion of the testimony by the court was necessarily

upon the idea that neither the note of the husband nor the
stated account was obligatory upon the wife, and that all
suits against the latter must be upon open account.   Is this
correct?   A general agent ordinarily cannot bind his principal
by a promissory note, even where he has full power to pur-
chase.   The reason usually given is, that the note so ex-
ecuted, being negotiable, may pass into other hands, and
thus, under the law-merchant, cut off all defences.   This
reason would have no force in this State.   But we are not
called upon to determine whether the absence of the reason
would abrogate the rule.   There may be other reasons which
would support it.

An agent may agree to, or participate in, the settlement of
an account, so as to make it a stated account against his princi-
pal, provided it be within the scope of his agency, and occurs
during the transaction of the business, *dum fervet opus*.   Such
acts amount to admissions of the correctness of the account;
but the admissions of an agent stand on a different footing
from those of the principal.   They are receivable in evidence
only when contemporaneous with the matter in hand.   They
are regarded more in the light of verbal acts, and as consti-
tuting a part of the *res gestœ*, than as ordinary admissions.   If
they relate to past transactions, and are narrative in form, they
are ordinarily inadmissible.   1 Greenl. on Ev., sect. 114;
*Burnham* v. *Ellis*, 39 Me. 319; *Thallhimer* v. *Brinkerhoff*,
4 Wend. 394; *Haven* v. *Brown*, 7 Greenl. 421.

These well-settled principles of the law of agency throw but
little light on the powers of the husband, under our statutes,
to bind the wife in contracts relative to her separate property.
His is an agency *sui generis*, and of a very peculiar character.
It is statutory, involuntary, and irrevocable.   For the pur-
chase of plantation supplies he is made by law her agent, not
only without her consent, but even against and in direct oppo-
sition to it.   His agency depends neither upon her wishes nor
his own, and it lasts as long as the matrimonial relation subsists
between them.   His acts, so far from deriving their validity

from an actual or presumed compliance with her instructions, are equally binding upon her though shown to have been in direct violation of them ; nor can she dismiss him from his agency because of such violation. We do not mean to say that he can compel her to carry on farming operations, but only that, if she does so, he is her statutory agent for purchasing supplies. Neither do we decide that she cannot, by actual notice to a particular person, stop the purchase of particular supplies. We only mean that she cannot revoke generally an agency which is created by law, and not by her volition. *Cook* v. *Ligon*, 54 Miss. 368.

It is evident that his powers spring rather from the rights and liabilities which our statutes have imposed upon the matrimonial relation than from any supposed delegation of authority by the wife, and we shall only confuse and entangle ourselves in contradictions if we undertake to deduce his powers from the general principles governing the relationship of principal and agent. Recourse must be had to our statutes.

"All contracts made by the husband or wife, or either of them, for supplies for the plantation of the wife, may be enforced, and satisfaction had out of her separate estate." Code 1871, sect. 1781.

"She [the wife] may be sued jointly with her husband on all contracts or other matters for which her individual property is liable ; but if the suit be against husband and wife, no judgment shall be rendered against her, unless the liability of her separate property be first established." Code 1871, sect. 1783.

"All contracts" made by the husband for plantation supplies are declared to be obligatory upon the property of the wife. There is no stipulation or specification of the form which the contract must take. Why may it not be by note, as well as by account? Why not by account stated, as well as by open account? The statutory test of the obligatory force of the contract is the purpose for which, and not the mode in which,

it is made.  By what right can we say that a verbal contract shall be binding, and a written one not?  How can we declare that if he buy on twelve months' credit, and in such form that an action of *assumpsit* will be barred in three years, the property of the wife may be subjected, but if his contract is for five years' credit, and assume such form that an action of debt may be maintained upon it, there is no liability?  Men, in the conduct of their own affairs, frequently find it highly beneficial to execute notes and agree to stated accounts, and we can see no reason why the same thing might not occur in the manage-ment of that portion of their wives' estate which the law has devolved upon them.  Nor is it perceived how any harm can come to the estate of the wife, except that to some extent it shifts the burden of proof.  The contract of the husband, whether oral or written, is only *primâ facie* binding on the wife ; nor does it assume even that dignity until it has been shown to have been for plantation supplies.  That clause of the statute which declares that the liability of the wife's prop-erty must be established before any judgment can be rendered against her, opens the contract, no matter what shape it has assumed, to full inquiry ; so that, in a suit upon a note or other evidence of debt, the plaintiff must first show that it is a con-tract for supplies for the wife's plantatoin.  But, having shown this, he may rest his case.  It will then be for the defendant to controvert the fact that it was executed for that purpose, or that the amount is correct.  She will not be bound by the amount specified in it, because her liability, depending upon the consideration of the contract, cannot be extended beyond the amount actually embraced in that purpose.  If, therefore, she wholly negatives the alleged consideration, she wholly defeats a recovery ; if she does so partially, she only defeats a recovery to that extent.  The presumption must be, however, when the husband is shown to have given a note or stated an account for plantation supplies, that the amount is correct.

In a suit upon an open account, or *quantum meruit* or *quantum valebat*, there will, of course, be no such presumption, and

there the items of the account, and the consideration for which they were contracted, must both be affirmatively shown. In a suit upon a written contract or account stated, the consideration having been affirmatively shown, the correctness of the amount will be presumed, but with the right of the wife to controvert either the consideration or the amount. The form of action and the period of limitation will be governed by the form in which the husband has put the contract, and it will not be incumbent on the plaintiff to sue in all cases as if upon an open account.

The views here announced were strongly foreshadowed, though not positively decided, in *Clopton* v. *Matheny*, 48 Miss. 285.

In the count on the note in this case, it is averred that the same was given and executed by the husband, as the agent of the wife, for plantation supplies, and was so received and accepted by the creditor. In the count on the account stated, the same is averred to be the stated account of the wife. We think that the note was admissible in evidence under the first count, and the stated account under the second, preliminary proof having been made that the contract was for supplies for the wife's plantation.

Judgment reversed and cause remanded.