434         **SUPREME COURT**         [Vol.

# Robinson & Co., *et al. v.* Greene.

## *False Imprisonment.*

(Decided April 28th, 1906. 43 So. Rep. 797.)

1. *Principal and Agent; Relation; Admissibility of Evidence.*—In the absence of written authority, where the fact of agency, or the authority of the agent, is in dispute, and it rests in parol, any evidence tending to prove agency is admissible, and the question is for the jury to determine.

2. *False Imprisonment; Persons Liable; Principal and Agent; Implied Authority.*—It is not necessary that the agent's authority should be expressly conferred, or that the act complained of should have been authorized, to render the principal liable for false imprisonment imposed by the agent; it may be implied from the relation of the principal to the agent, the nature of the employment, and the mode in which the business was allowed to be conducted.

3. *Trial; Instructions; Assumption of Facts.*—In an action of false imprisonment it is not error to refuse an instruction asserting that if the jury believe that it was not in the scope of the authority of defendant's agent to arrest plaintiff and detain him against his will, defendants would not be liable, in that it assumes as a fact that defendant's agent arrested and detained plaintiff.

4. *Same; Requested Instructions Covered by Instructions Given.*—It is not error to refuse requested instructions substantially covered by requested instructions given.

5. *Same; Affirmative Charge; Conflicting Evidence.*—When the evidence on material enquiries is conflicting it is not error to refuse the affirmative charge.

6. *Same; Instructions Argumentative.*—A charge asserting no more than an argument, or one stressing particular facts, is properly refused.

7. *Appeal; Review; Waiver of Errors on Appeal; Failure to Urge Objection.*—The failure to insist upon error in argument, on appeal, is a waiver of such error, in civil causes.

8. *Trial; Instruction; Ignoring Evidence.*—Where there was evidence tending to show a ratification by the principal of the agents acts, a charge which ignores such evidence is properly refused.

[Robinson & Co., et al, v. Greene.]

9.  *False Imprisonment; Admissibility of Evidence.*—In an action for false imprisonment, imposed by an alleged agent, it was competent to ask plaintiff concerning a conversation had with said agent at the time of the alleged imprisonment, as tending to show the authority to the agent, his participation in the deception practiced to induce plaintiff to the place, and plaintiffs unlawful detention there.

10. *Same.*—It was competent to show, in an action for false imprisonment imposed by an alleged agent, that such agent cursed plaintiff and whipped him, as tending to show extent and character of agency, and unlawful restraint of plaintiff.

11. *False Imprisonment; Elements of Offense.*—The placing of a person, against his will, in a condition or position, where he cannot exercise his will to go or be in places he may lawfully be or go to; or detaining him at the will of another who is without lawful authority, is false imprisonment.

12. *Principal and Agent; Relation;. Evidence to Show.*—It was competent to show that while the allegel agent, who was charged with imposing the false imprisonment, was in charge of the place, the defendants moved corn and cattle therefrom, as tending to show that defendants were the ones for whom the agent was acting.

13. *Evidence; Opinion Evidence; Matters of Facts or Conclusions.*—The plaintiff may, in an action for false imprisonment, testify that he was detained against his will, that being the statement of a fact and not a mere opinion or conclusion.

14. *Evidence; Judicial Admissions; Evidence in Other Actions.*—As an admission, and as tending to show agency, it was competent to show that one of the defendants, in another action; testified that the person alleged to be the agent of defendant in this action was the agent of defendants.

APPEAL from Limestone Circuit Court.

Heard before HON. PAUL SPEAKE.

Action by Adam Green against C. N. Robinson & Co., and others. From a judgment for plaintiff, defendants appeal.

The case made by the pleadings is that the appellee went to the plantation of appellants under a presumed contract to herd and drive some cattle from this plantation to Decatur, and after reaching the plantation was detained under guard by the agent in charge of the place for more than two years, and caused to work and labor without pay for a period of time named in the

complaint. The third count was for false imprison-
ment. The pleas were not guilty and the statute of lim-
itations of six years. Replication was filed to the plea
of statute of limitations, setting up that at the time
the right of action accrued the plaintiff was a minor
and brought his action within three years after obtain-
ing his majority. A good many exceptions were re-
served to the evidence touching the question of the
agency of Peebles, who it is alleged was the agent of
defendants and detained the plaintiff. There was con-
siderable evidence introduced to show that the plaintiff
had an opportunity of leaving at any time during the
two years, and that he remained there as a farm laborer.
There was also evidence tending to show that Robinson
was there two or three times a week, and knew the con-
dition surrounding the farm, and, when any complaint
was made, directed him to go to Peebles. The facts of
the case are set out in the opinion. The following
charges were requested by the defendants, and refused:
"(7) I charge you that the fact that Buster Peebles
was the agent or overseer of defendants' farm on the
island would not bind defendants for any act of said
Peebles outside of the scope of his authority; and if you
beleive that it was not within the scope of his authority
to arrest plaintiff and detain him against his will, de-
fendants would not be liable for such acts, unless they
knew of them and ratified them. * * * (9) I charge you
that the employment by defendants of Buster Peebles
as an agent or farm overseer did not render them liable
for the unlawful acts of said Peebles, unless such un-
lawful acts were expressly authorized by the defendants,
or known and ratified by them. (10) I charge you
that it is not within the scope of an agent's authority as
a farm overseer to unlawfully imprison a man or de-
tain him against his will, and defendants would not be
liable for the unlawful detention or arrest of plaintiff,
unless they expressly authorized such an arrest or de-
tention, or knew of and ratified it. (11) I charge you
that every agency is presumed to be lawful, and
the principal is not liable for the unlawful acts of the
agent, unless such acts were expressly authorized by
him, or known and ratified by him; and the burden of

proof is upon the plaintiff in the case to show that the acts of Peebles were authorized or ratified by defendants, and, unless you believe from the evidence that the acts complained of were authorized or ratified by de, fendants, plaintiff canot recover. * * * (16) If the jury believe the evidence, they must find for the defendants under the first count of the complaint." (17) Affirmative charge as to the second count. (18) Affirmative charge as to the third count. Charge 23, given at the request of defendants, was as follows: "I charge you, gentlemen of the jury, that the defendants are not liable for the unauthorized act of Peebles, done or committed outside the scope of his employment, unless you believe from the evidence that such unlawful acts were known to and ratified by the defendants." It was shown in the testimony, and not disputed, that plaintiff was taken away from the farm by the sheriff under arrest on a process gotten out for his release. There was a jury, and verdict for plaintiff for the sum of $1,500, and defendant appeals.

THOMAS C. McCLELLAN, and COOPER & FOSTER, for appellant.

W. R. WALKER, and CALLAHAN & HARRIS, for appellee.

HARALSON, J.—We considered the assignments of error as presented by defendants' counsel.

If the fact of agency or the authority of an agent and its extent, is not evidenced by a written instrument, but rests in parol and is a matter of dispute, it becomes a question of fact to be determined by the jury from the evidence. Whatever evidence tends to prove the agency is admissible.—*Birmingham M. R. R. Co. v. T. C. I. & R. Co.*, 127 Ala. 137, 28 South. 679; *S. & N. A. R. R. Co. v. Henlein*, 52 Ala. 610, 23 Am. Rep. 578.

It is not necessary to a principal's liability in false imprisonment, that the agent's authority should be expressly conferred, or that the particular act complained of should have been authorized. The authority would be implied from his relation to the principal, the nature

of his employment, and the mode in which he was permitted to conduct the business.—*Talladega Insu. Co. v. Peacock*, 67 Ala. 264; 12 Am. & Eng. Ency. Law (2d Ed.) 771, and authorities there cited.

Charge 7, asked by defendants, was not improperly refused. It assumes that Peebles arrested and detained plaintiff. There is no evidence that Peebles arrested plaintiff, and the charge is abstract and misleading in this particular. Furthermore,. the defendants had the full benefit of this charge, in the one given for them numbered 23, a substantial duplication of this charge.

Charges 9, 10 and 11 lay down the proposition, that defendants would not be liable for the acts of their agent, unless his acts were expressly authorized. As has been shown, the principal is liable for the acts of his agent, if impliedly authorized.—Authorities supra. See, also, charge 23, given for defendants.

The evidence was in conflict and the general charge numbered 1, asked by defendants, was properly refused, as will more fully appear hereafter.

The second charge is argumentative and lays stress on one particular fact. Besides, this is but a substantial duplication of charge 4, given for defendants.

Charges 16, 17 and 18 are not insisted on in argument, and objections to them are, therefore, waived.

The defendants had the full benefit of charge 22, and when most favorably construed for defendants, was substantially duplicated in charge 23, given for defendants. Besides, the charge ignores the ratification by defendants, of which there was evidence.

The evidence tended to show, that plaintiff was induced to go to the defendants' is land in May, 1897, to drive, or help to drive some cattle back to Decatur; that Peebles was there in charge of the island farm; and defendants were not there at the time; that the party, consisting of plaintiff and three other negroes, and the driver of the hack, one Brooks, arrived at the island about 4 o'clock in the afternoon. Plaintiff, on his examination was asked by his attorney, "What conversation did you have with Peebles, the morning after you went to the island?" The question was objected to on many grounds, among them, that it did not appear that

either of the defendants were present; that it did not appear that Peebles was acting within the scope of his employment as agent. The answer was, that next day he asked Peebles, "Where were the cattle he was to drive over to Decatur?" that the reply was, the cattle would be up about noon, and for plaintiff to go to work until that time, and plaintiff worked till noon, and then again asked Peebles about the cattle, and he replied with an oath, "that he had better get a hoe and cut them corn stalks." The object of the evidence called for by the question was, to show the authority of Peebles, and his participation in the alleged deception practiced on plaintiff to induce him to come to the island, and his alleged unlawful detention there afterwards.

In *Gimon v. Terrell*, 38 Ala. 210, it was said: "Where there is any evidence tending to show the assent of the principal to these acts of the agent, these acts, in connection with such evidence of the principal's assent thereto should be allowed to go to the jury. And if the acts of the alleged agent are of such a nature or so continuous in their character as to furnish in themselves any reasonable ground of inference that the plaintiff knew of them, and would not have permitted the assumed agent thus to act in the absence of authority for so doing, the acts themselves are at least competent evidence to be submitted to the jury. See *McDonnell v. Branch Bank*, 20 Ala. 313; *Krebs v. O'Grady*, 23 Ala. 726, 58 Am. Dec. 312. * * * The question of agency is matter of fact, which it is the province of the jury to decide upon; and if there is any evidence tending to prove the authority of the agent, its sufficiency and weight should be left to the jury under proper instructions from the court.—*McClung v. Spotswood*, 19 Ala. 165." *Talladega Ins. Co. v. Peacock*, 67 Ala. 254, 262.

"The nature and character of the act, taken in connection with the relation of the landlord to the actor; his employment or agency in the business of the landlord; and the acquiescence of the latter in former acts, accompanied by circumstances indicative of his knowledge that the act was done, or continued, and the absence of objection upon his part are facts which must be considered by the jury, whose business it is to de-

termine the inquiry whether he authorized or assented to the act complained of as wrongful."—*Warren v. Wagner*, 75 Ala. 203, 51 Am. Rep. 446.

"If the fact of agency rests in parol, or it is to be inferred from the conduct of the principal, and there be evidence tending to show the agency, the acts or declarations of the agent are admissible in evidence, and the jury must determine the fact of agency vel non."— *Martin, Dumea & Co. v. Brown, Shipley & Co.*, 75 Ala. 447; *Reynolds v. Collins*, 78 Ala. 97; *Gibson v. Snow*, 94 Ala. 346, 10 South. 304; Mechem on Agency, § 107.

The question to Turner Sykes, "Did you ever hear Buster Peebles curse the plaintiff?" and "Did you ever see Peebles whip Adam Green?" were objected to because illegal and irrelevant. But they were not subject to this objection. If true, the answers in the affirmative, as given, by the witness, had a tendency to show that the plaintiff was unlawfully restrained of his liberty, and also to show the agency of Peebles and the extent and character of the same, especially when taken in connection with other evidence having the same tendencies.

False imprisonment is the unlawful restraint of a person contrary to his will, either with or without process of law. It is the placing of a person against his will in a position where he cannot exercise it in going where he may lawfully go, and detaining him at the will of another without lawful authority. It has been said that any deprivation of the liberty of another, without his consent, whether by actual violence, threats or otherwise, constitutes imprisonment within the meaning of the law. Apprehension or fear by which a person is restrained of his liberty, may consist in his fear of some injury either to his person, reputation or property.—12 Am. & Eng. Ency. Law (2d Ed.) 722, note 2; Id. 723-736.

This question to Turner Sykes was admissible as tending to show that it was the policy of Peebles, as the agent of C. N. Robinson & Co., to detain the men on the island, including plaintiff, by intimidation and overawing all resistance through fear and violence. The evidence for the plaintiff tended further to show that

[Robinson & Co., et al, v. Greene.]

plaintiff was frequently whipped by Peebles; that plaintiff was cursed by Peebles and he threatened to whip him in Robinson's presence, without protest from Robinson; that Robinson made frequent visits to the island; that he requested Robinson to let him go home, and the reply of Robinson was, "Dern your soul, old negro, you had better go to work;" that plaintiff's hand was injured from frost bite from being directed by Peebles to ditch in cold weather; that he was compelled to sleep in a shack at night, with other laborers, which shack was guarded; that he was not allowed to go out at night; that guards were posted so as to prevent escape of any one; that the boats at the river were kept locked; that Robinson told plaintiff at one time, that his (plaintiff's) mother was dead, and at another, that his mother and father were both dead; that plaintiff was not paid any wages while on the island, and was furnished with nothing but food and clothes, and that he was detained there against his will, etc.

The question to said Sykes was also admissible as one of a series of acts, so often repeated as to raise a presumption of knowledge and ratification on the part of Robinson, as well as to prove agency.—*Gimon v. Terrell, supra*, and authorities cited. Furthermore, if there was error, technically speaking, in permitting the question and answer, it was rendered harmless by charges 8 and 23, given for defendants.

It is true that the evidence on the part of the defendants was in sharp conflict with that of the plaintiff, on these and almost all material matters, and tended to show that there was no detention of plaintiff on the island against his will, and that he was free to leave at his pleasure. But all this was for the determination of the jury under proper instruction from the court.

The plaintiff was allowed against the objection of defendants, to show, that while Peebles had charge of the island, Robinson removed corn and cattle therefrom. This evidence was admissible as tending to show that Peebles was in charge of the island, acting for and as the agent of Robinson.

There was no error in allowing the plaintiff to testify that he was detained on the island against his will. It

was the statement of a fact capable of proof by no one so well as by plaintiff, and was not the expression of an opinion. reason or conclusion of the witness as objected by defendant. He was subject to cross-examination to test the truth of the fact deposed to. It is not different if the question had been, if he consented to be detained, or did not do so? This case on this point is not like that of *Wilson v. State*, 73 Ala. 532..

The witness, Malone, testified that he heard C. N. Robinson testify as a witness in the case of Clarke aginst the defendant, that Peebles was defendant's agents in the years 1896 and 1897.. This was no more than proving an admission of agency made by defendant, and the agency of Peebles in those years, was one of the things the burden of proving which was on plaintiff.—1 Greenleaf on Evidence, § 169.

There was no error in charging the jury that if plaintiff was detained against his will the detention was unlawful. No lawful right to so hold him was either claimed or shown.

We have thus passed on the assignments of error necessary to be passed on, and in which it is insisted there is error.

The defendants moved the court to grant a new trial, on most of the grounds already passed on by us. The court overruled the motion, and it does not occur to us, that in this ruling there was error.

Affirmed.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.