# Garden, *et al. v.* Holley.

*Malicious Prosecution.*

(Decided Nov. 26, 1908. 47 South. 716.)

1. *Principal and Agent; Liability of Principal for Prosecution; Evidence.*—Where it appeared that the person who made the affidavit was not a member of the firm, but was a young man without property employed by defendant to keep the books and receive the money paid in at the store, it was proper to admit evidence of the fact that such person had instituted suit in the name of the firm and collected money on them by check payable to the firm, on the issue of whether or not he was defendant's agent in instituting the prosecution; it being contended by plaintiff that the transfer to him of the claim forming the basis of the prosecution being merely to relieve defendant from liability on account of the prosecution.

2. *Same.*—Under the facts in this case, whether or not the person who instituted the prosecution was acting as the agent of defendant with their knowledge so as to render the principal liable was one for the jury to determine.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by Mary Holly against Benjamin Garden and others. From a judgment for plaintiff, defendants appeal. Affirmed.

The errors in the admission of evidence complained of are as follows: The question to the witness Bonner: "State whether or not H. Cohen prior to July, 1907,

[Garden, et al. v. Holley.]

frequently brought several suits for the collection of debt in the name of Garden & Cohen in the inferior court of Birmingham before H. B. Abernathy, Judge." And the question, "Did you collect any money for Garden & Cohen in any of said suits?" and to the witness Abernathy the same questions as to the witness Bonner. After verdict and judgment, motion was made for a new trial based upon the errors assigned as above set out and the refusal of the court to give for defendants the general affirmative charge.

W. T. HILL and JAMES A. MITCHELL, for appellants. Counsel discuss assignments of error, but without citation of authority.

A. LEO OBERDORFER and CHAS. A. WEAVER, for appellee. The court properly overruled demurrers to the complaint.—Sec. 3352 Code 1896; *Fuqua v. Gambill,* 140 Ala. 464. The objections to evidence were properly overruled.—*Little v. Bank of Dothan,* 121 Ala. 215; *B'ham Ry. Co. v. Tenn. C. & R. R. Co.,* 127 Ala. 137; *U. S. L. Ins. Co. v. Lesser,* 126 Ala. 568; *Robinson v. Green,* 43 South. 797.

SIMPSON, J.—This action was brought by the appellee against the appellants for damages for malicious prosecution.

The facts are undisputed that the plaintiff was arrested under a charge of embezzlement, and that the prosecution was ended by an acquittal. Said arrest was made on the affidavit of H. Cohen, and based on the facts that on July 10, 1907, either Henry Holly or he and wife, said Mary Holly, bought of the firm of Garden & Cohen certain articles of clothing, paying $25 in cash and agreeing to pay $65 additional, and said Holly and wife signed an instrument of writing, agreeing that said

[Garden, et al. v. Holley.]

property should remain the property of said firm until paid for, etc. The defendant claims that this claim was sold and transferred to said H. Cohen, and that he com. menced the prosecution, on his own motion, without any suggestion from the defendants. Said H. Cohen is the son of M. Cohen, and brother-in-law of B. Garden, of the firm of Garden & Cohen, and testified that he is employed as bookkeeper for that firm, and that his "sole duties" are to "keep the books" of said firm, and receive money paid in at the store. The claim of the plaintiff is that said transfer of said claim to said H. Cohen was merely simulated, for the purpose of relieving said B. Garden and M. Cohen from the liability in any suits or prosecutions instituted by said H. Cohen, who is a young man and without any property. She claims, therefore, that said H. Cohen in commencing said malicious prosecution was really acting as the agent of said Garden & Cohen, with their full knowledge as to what he was to do. Certain circumstances are testified to bearing on said contention.

The only assignments of error insisted upon relate to the admission of certain testimony and to charges. Owing to the nature of the contention between the parties, the plaintiffs have to rely upon grouping various circumstances which may have a bearing on the question as to the bona fide of the transfer of the claim to H. Cohen. He having testified that his sole duties were to keep the books and receive money paid in at the store, the court properly admitted proof of said H. Cohen's having frequently brought suits in the name of said firm, collecting by checks payable to said firm, etc., merely as circumstances to go to the jury. This includes assignments, second, third, fourth, and fifth.—*Lytle & Co. v. Bank of Dothan*, 121 Ala. 218, 219, 26 South. 6; *Birmingham R. Co. v. Tenn. C:. I. & R. R. Co.*, 127 Ala. 137.

[Posey v. Gamble.]

28 South. 679; *U. S. Life Ins. Co. v. Lesser,* 126 Ala. 568, 584, 28 South. 646; *Warren v. Wagner,* 75 Ala. 203, 51 Am. Rep. 446; *Robinson & Co. v. Green,* 148 Ala. 434, 43 South. 797, 798. There was no error in the refusal of the court to give the general charge in favor of the defendant. It was for the jury to decide, in view of the circumstances, whether or not H. Cohen was acting as the agent of Garden & Cohen, and with their knowledge.

For like reasons, there was no error in overruling the motion for a new trial.

The judgment of the court is affirmed.

TYSON, C. J., and DENSON and McCLELLAN, JJ., concur.