# Salvo *v.* Wilson & Co.

### *Assumpsit.*

(Decided November 7, 1914. 66 South. 613.)

1. *Jury; Trial by; Demand; Time of Filing.*—Under Acts 1907, p. 397, as amended by Local Acts 1907, p. 865, cases brought to the Calhoun circuit court by certiorari or appeal are triable by jury if the demand for a jury is made before the first term at which the cause stands for trial.

[Salvo v. Wilson & Co.]

2. *Principal and Agent; Agency; Evidence of; Circumstances.*— Agency may be inferred from circumstances, such as previous employment in similar transactions or other acts of such a nature that it may be reasonably inferred that the principal knew of them and would not have allowed them to continue unless the agent was authorized; however the principal must be directly or indirectly connected with all such circumstances.

3. *Same; Sales.*—The evidence examined and held sufficient to show that the husband acted as the authorized agent in selling the cotton to the claimant, who bought it without knowledge of the landlord's lien, the cotton having been raised on rented land.

4. *Same.*—In such an action evidence that a ginner was engaged by the husband to gin the cotton raised on the premises is admissible to show the agency of the husband.

APPEAL from Calhoun Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Assumpsit, by H. M. Salvo against Cora E. Abell, begun by attachment which was levied on two bales of cotton to which J. C. Wilson & Company interposed a claim. The cause was originally tried in the justice court, and was brought to the circuit court by appeal, where judgment was rendered for claimants, from which judgment plaintiff appeals. Affirmed.

Transferred from the Court of Appeals under Acts 1911, § 6, p. 449.

BLACKWELL & AGEE, for appellant.

MERRILL & WALKER, for appellee.

McCLELLAN, J.—The act approved March 12, 1907, (Gen. Acts 1907, p. 397, 398), and the amendatory act approved August 9, 1907 (Local Acts 1907, pp. 865, 866), contemplate that the party desiring a trial by jury, instead of by the court without jury—in the circuit court of Calhoun county—shall make known his desire at the first term at which the cause stands for trial. The expression of that legislative purpose is found in the reference to the "first day of the term of

the court at which said cause shall stand for trial."
The court so correctly interpreted the statute by plac-
ing this cause (an appeal from a justice's court) on
the nonjury docket; no demand for a jury trial having
been made within the time prescribed by statute.
There was hence no error in granting the claimant's
motion to place this cause on the nonjury docket.

The appellant brought this suit in a justice's court
against Cora E. Abell on a note, for $100, given for
the rent of land; and writ of attachment was levied
upon two bales of cotton. This cotton was claimed
by J. C. Wilson & Co., the appellees; they asserting a
purchase thereof, for value and without notice, from
Mrs. Abell's husband, A. E. Abell. The court below
sustained the purchase of the claimant company and
vindicated that right to the cotton so attached.

Aside from a single ruling on the admission of evi-
dence to be later considered, the only question pressed
here as bearing on the merits of the controversy is
whether the agency of A. E. Abell, for Cora E. Abell,
his wife, was supported by the evidence referable to that
issue.

"Agency, like any other controvertible fact, may be
proved by circumstances. It may be inferred from pre-
vious employment in similar acts or transactions; or
from acts of such nature, and so continuous, as to fur-
nish a reasonable basis of inference, that they were
known to the principal, and that he would not have al-
lowed the agent to so act unless authorized. In such
cases, the acts or transactions are admissible to prove
agency. But in order to be relevant, the alleged prin-
cipal must, in some way, directly or indirectly, be con-
nected with the circumstances."—*Hill v. Helton*, 30
Ala. 528, 1 South. 340.

[Salvo v. Wilson & Co.]

In *Robinson v. Greene,* 148 Ala. 434, at page 440, 43 South. 797, 799, this statement is approvingly quoted: "If the fact of agency rests in parol, or it is to be inferred from the conduct of the principal, and there be evidence tending to show the agency, the acts or declarations of the agent are admissible in evidence," and the issue must be resolved by the trior of the fact from the evidence.

The relation of husband and wife existed at the time between Cora E. and A. E. Abell. They lived together at the time. The husband, the alleged agent, assisted in the cultivation of the crops. The husband served in the hauling of cotton to and from gins; to and from their home. On one occasion, as the plaintiff testified, A. E. Abell stated to him that his (Abell's) wife told him to bring a bale from plaintiff's gin back to their house on the rented premises, and this was assented to by plaintiff. The plaintiff also testified that, while A. E. Abell was at the home, "he was in charge of the home like any other husband." There was evidence tending to show that A. E. Abell had, six weeks previous to the purchase of those bales, sold a bale (other than that in question), and collected the proceeds. Both the Abells left that section together, and were not examined. The testimony further showed that claimants did not know the cotton attached was subject to any lien for rent or that it was grown on rented premises, and that substantial value was paid therefor by the claimants. The relation of the Abells, the husband's service in the cultivation and hauling to the gins of the cotton thus grown and in its removal and his acts in respect of the hauling of the cotton, so grown, to market and the sale of the other bale, and the departure of the twain together, justified the court in concluding that in selling the two bales in question

to the claimants A. E. Abell was the agent of his wife. It cannot be assumed, in the light of these facts, that she was ignorant of his acts in selling the cotton he did sell, or that he performed them without her assent. The natural probabilities in such circumstances must be accorded their normal effect in determining the issue upon which they must have their reasonable influence.

There was no error in allowing the question which sought to elicit from the witness Whisenant, a ginner, the fact that he engaged with A. E. Abell to gin cotton grown on the rented premises. This curcumstance was relevant and admissible, under the doctrine before stated, upon the issue of agency vel non of A. E. Abell for his wife.

No error appearing, the judgment is affirmed.

Affirmed.

SAYRE, DE GRAFFENRIED, and GARDNER, JJ., concur.