(88 South. 580)

### NORTH ALABAMA GROCERY CO. v. J. C. LYSLE MILLING CO.   (7 Div. 24.)

(Supreme Court of Alabama.    Jan. 13, 1921.
Rehearing Denied April 14, 1921.)

1. Principal and agent ⬤⟳124(3)—Authority of sales manager to bind principal without confirmation of orders held question for jury.

Evidence that plaintiff, whose home office was in Leavenworth, Kan., also had offices at Jackson, Miss., and Atlanta, Ga., under the supervision and control of a sales manager, which business was conducted in plaintiff's name, that correspondence with reference to sales from the home office was addressed to the respective offices, that correspondence from the Jackson and Atlanta offices was signed ·by the office force, and that, while the home office usually acknowledged orders, there was no formal confirmation, made a question for the jury as to the sales manager's authority to accept orders without confirmation by the home office.

2. Principal and agent ⬤⟳96—When agent had actual authority, it was immaterial that other party did not rely on such authority.

If plaintiff's agent in fact had authority to contract, it was not essential to constitute his acceptance of an order a binding obligation that the party giving the order should have relied on his authority, and hence an instruction that, unless she relied on the agent's authority to make the contract without confirmation, it would make no difference what the agent's authority was, should not have been given.

3. Trial ⬤⟳253(10)—Instruction held erroneous as pretermitting consideration of ·agent's actual authority and ignoring evidence of principal's acceptance of order.

Where there was evidence that plaintiff's agent had authority to accept orders and make

---

binding contracts without confirmation by the home office, and also evidence that an order was accepted by the home office, instructions that, if defendant relied on confirmation of the contract by the home office, and no such confirmation was had, there could be no recovery on his pleas of recoupment, pretermitted consideration as to actual authority, and invaded the province of the jury, and ignored the evidence tending to show acceptance by the home office.

**4. Principal and agent ⚖══121—Agent's testimony that order taken by him was subject to confirmation held properly admitted.**

In an action for the price of flour, in which defendant filed pleas of set-off and recoupment for failure to fill another order for flour given an agent, a question asked the agent, if the order was subject to confirmation, and his answer that it was subject to confirmation, "as all our sales," was properly admitted.

Appeal from Circuit Court, Etowah County; J. E. Blackwood, Judge.

Action by the J. C. Lysle Milling Company against the North Alabama Grocery Company to recover the price of certain flour. Judgment for the plaintiff, and the defendant appeals. Reversed and remanded.

The controversy arose with reference to two orders of flour, one for 800 barrels and a later one for 700 barrels. It appears that some of the 800-barrel order which was shipped out was not paid for, and that they declined to complete the 700-barrel order until the account was paid, although they shipped out some of the 700-barrel order on sight draft with bill of lading attached. The defendant set off his damages as for failure to complete the orders and to ship the flour as per specification forwarded to the mills and shipping instructions prior to the last day of the contract.

The following charges were given for the plaintiff:

A. Unless Jordan relied on Fitzhugh's authority to make contract without confirmation from the home office, at Leavenworth, it would make no difference in this case what Fitzhugh's authority was in the premises.

B. If Jordan relied on confirmation of the contract by the home company at Leavenworth, and no such confirmation of the contract was had in this case, there can be no recovery by the defendant on his pleas of recoupment.

C. If Jordan relied on the confirmation of the 700-barrel order by the home office at Leavenworth, and no such confirmation was made by the home office, the defendant could not recover on his plea of recoupment setting up the 700-barrel contract.

The assignments of error referred to in the opinion are as follows:

(4) The court below erred in overruling appellant's objection to the question propounded Fitzhugh: "Was it subject to confirmation now?"

(5) In overruling the objection to and motion

to exclude the answer of the witness as follows: "It was subject to confirmation, as all our sales."

Goodhue & Brindley, of Gadsden, for appellant.

The court erred in giving charges A, B, and C. 135 Ala. 482, 33 South. 39; 148 Ala. 434, 43 South. 797. The question of agency was one for the jury. 148 Ala. 519, 41 South. 982; 127 Ala. 137, 28 South. 679; 52 Ala. 610, 23 Am. Rep. 578. The last contract was confirmed by silence and acquiescence. 10 Ala. 755, 44 Am. Dec. 505; 107 Ala. 300, 19 South. 966, 54 Am. St. Rep. 93; 98 Ky. 583, 33 S. W. 835; 121 Ga. 521, 49 S. E. 600; 73 N. E. 430; 13 C. J. 277.

Dortch, Allen & Dortch, of Gadsden, for appellee.

If this case can escape the general charge for plaintiff, it is certain that rule 45 ought to be applied. 12 Ala. App. 287, 68 South. 538; 171 Ala. 52, 54 South. 1001; 171 Ala. 183, 55 South. 115; 67 South. 414; 13 Ala. App. 468, 69 South. 382. There was no merit in the objection to evidence. 76 South. 982; 15 Ala. App. 275, 73 South. 216; 15 Ala. App. 556, 74 South. 98. There is no error in the charges given. 198 Ala. 276, 73 South. 498; 192 Ala. 576, 69 South. 4; 198 Ala. 162, 73 South. 451. See former report of this case in 201 Ala. 222, 77 South. 751, relative to the question of agency; also 104 Ala. 100, 16 South. 29; 105 Ala. 316, 16 South. 912; 94 Ala. 346, 10 South. 304; 6 Ala. App. 488, 60 South. 450.

BROWN, J. On the first trial there was a judgment for the defendant, and on appeal to this court that judgment was reversed. J. C. Lysle Milling Co. v. North Ala. Gro. Co., 201 Ala. 222, 77 South. 748. On the last trial the plaintiff recovered, and this appeal is by the defendant.

The questions now presented arose in respect to the defendant's pleas of set-off and recoupment, in which the defendant sets up a breach by the plaintiff of alleged contracts to sell and deliver to the defendant flour. The first contract involved the sale by the plaintiff to the defendant of 800 barrels of flour, a part of which was delivered, and for which the defendant had paid in part, and the balance claimed to be due for flour delivered under this contract constitutes the plaintiff's claim; and in respect to the balance due, aside from the defenses embodied in the plea of set-off and recoupment, there is no controversy.

The fact that the order first given for the 800 barrels of flour was made by the defendant and accepted by the plaintiff, and that plaintiff undertook to deliver, and did deliver, part of the flour, is conceded; but, as to this, plaintiff's contention is that the

defendant failed to receive and pay for the flour as per its contract; while the defendant contends that the terms of the contract were in some respects changed through subsequent negotiations.

[1] In respect to the second order given by the defendant for the purchase of 700 barrels of flour, the evidence goes to show that the order was solicited by the plaintiff's sales manager Fitzhugh, and was given by the defendant through its president Jordan, and in due course was forwarded by Fitzhugh to the plaintiff at its home office, Leavenworth, Kan. There is evidence tending to show that the order was entered on the plaintiff's books, but, as it contends, through error. There was no confirmation by the plaintiff of the order direct from the home office, and the plaintiff's contention is that this was essential to constitute it a binding contract. The evidence, however, shows that the plaintiff maintained an office at Jackson, Miss., and one at Atlanta, Ga., under the supervision and control of its sales manager, Fitzhugh, in which the business was conducted in the name of the plaintiff, and the correspondence with reference to sales from the home office in Leavenworth was addressed to the plaintiff at its respective offices, and the correspondence sent out from the Jackson, Miss., and Atlanta, Ga., offices was all signed by the plaintiff through its office force. Some of the defendant's evidence tends to show that, while the home office usually acknowledged an order with "a thank you," there was no formal confirmation of such orders.

On the whole, it was a question for the jury as to whether or not Fitzhugh was authorized to bind the plaintiff in accepting orders without confirmation. Robinson & Co. v. Green, 148 Ala. 434, 43 South. 797.

[2] If Fitzhugh in fact had authority to accept orders and make binding contracts without confirmation of the Leavenworth office, it was not essential to constitute such acceptance a binding obligation that the defendant should have relied on his authority. It is only where the act is merely within the apparent scope of an agent's authority that one dealing with him must rely upon such apparent authority. Patterson v. Neal, 135 Ala. 482, 33 South. 39; J. C. Lysle Milling Co. v. North Ala. Gro. Co., supra.

[3] Charge A, given at the request of the plaintiff, should have been refused. Charges B and C pretermit consideration as to Fitzhugh's actual authority to bind the plaintiff without confirmation, and were invasive of the province of the jury. They also ignored the evidence tending to show that the order was accepted by the Leavenworth office.

· [4] The objections to the evidence, made the basis of assignments of error 4 and 5, are without merit.

For the errors pointed out, the judgment of the circuit court will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.