(91 South. 484)

**AMERICAN CAST-IRON PIPE CO. v. BIRMINGHAM TAILORING CO. (6 Div. 484.)**

(Supreme Court of Alabama. Oct. 27, 1921. Rehearing Denied Nov. 17, 1921.)

1. **Principal and agent** ⬤➾123(1)—**Facts held to show person to whom assignment of wages was delivered was agent of debtor authorized to receive assignments.**

In an action upon an assignment of wages by an employee, evidence that the assignee took the assignment to defendant's place of business and there delivered it to a person to whom he had previously delivered similar assignments, and that such person took the assignment, examined one of defendant's books, and remarked, "It's here," whereupon the assignment was left with him, *held* sufficient to show that the person to whom the assignment was delivered was an agent of defendant authorized to receive the assignment.

2. **Evidence** ⬤➾121(2)—**Declaration of agent of employer at time of presentation of assignment of wages held res gestæ.**

A declaration by the agent of defendant at the time plaintiff delivered to him an assignment of wages by an employee of defendant to plaintiff, after examining the books of defendant that, "It's here," was admissible as part of the res gestæ of the presentation of the order of assignment upon which the action was based.

3. **Principal and agent** ⬤➾120(6)—**Previous practice on similar transactions is admissible to show agency.**

The fact that plaintiff had previously delivered assignments of wages by defendant's employees to the person in defendant's office to whom he delivered the assignment in question, and that the assigning employees had thereafter come to plaintiff to have the assignments released, was properly admissible to show agency of the person to whom the assignment was delivered.

4. **Principal and agent** ⬤➾22(2)—**Declarations of asserted agent are admissible where there is other testimony showing agency.**

Evidence of the acts or declarations of an asserted agent is admissible, where there is other testimony tending to show the fact of agency.

On Rehearing.

5. **Evidence** ⬤➾265(3)—**Statement of defendant's agent held to show debt due plaintiff's assignor.**

In an action on an assignment of wages by an employee of defendant to plaintiff, evidence that the agent of defendant to whom plaintiff delivered the assignment consulted one of defendant's books and remarked, "It's here," was evidence tending to show that the wages there-

by assigned were then owing plaintiff's assignor.

**6. Evidence** ⬷121(2), 271(13)—**Declaration to plaintiff's agent on presentation of assignment of wages held admissible as res gestæ, and not self-serving.**

In an action on an assignment of wages, testimony by plaintiff's officer that he gave the assignment to another employee "to take out to" defendant, in connection with evidence as to presentation of the assignment to defendant by such other employee, was admissible as of the res gestæ of the authorized presentation of the assignment, and did not offend the rule against self-serving declarations.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by the Birmingham Tailoring Company against the American Cast-Iron Pipe Company upon an assignment of wages. Judgment for the plaintiff, and the defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Upon request of counsel for the defendant, the trial court found the following to be the fact: That one Jim Sadler was indebted to plaintiff in the sum of $5.50, balance due on clothing purchased from plaintiff on 5th day of June, 1915; that at the time of the said purchase he executed to plaintiff a certain assignment of his wages due him by defendant in the amount of the indebtedness owing by Sadler to plaintiff, which assignment contained an order to defendant to pay plaintiff said amount; that subsequently thereto, on or about the 12th day of June, 1915, plaintiff's agent carried said assignment to defendant's agent, who was behind a counter or window in the office of defendant at defendant's place of business in the city of Birmingham, Ala., and who at that time was engaged in making up pay envelopes; plaintiff's agent, who gave the said assignment and order to defendant's agent had seen the said agent of defendant above referred to in said office on other occasions, and had given him other assignments on other and prior occasions which had been received by said agent, and later the parties giving said assignment had gone to plaintiff and gotten said assignments released; that on this occasion plaintiff's agent handed the assignment and order executed by Jim Sadler to said agent or cashier of defendant; that defendant's agent took the said assignment and order executed by Jim Sadler, and, after looking at it, turned to the books of the defendant company, and, after looking on said books, said to plaintiff's agent, "Well, it's here;" that thereupon the plaintiff's agent left, and defendant's agent retained in his possession said assignment; that some time afterwards defendant failed and refused to pay the said amount set forth in said assignment and order to plaintiff; that the defendant was at the time of the presentation of said assignment indebted to the said Jim Sadler in a greater sum than the said sum stated in said assignment, which said sum, nor any part thereof, has been paid by defendant to the plaintiff since the delivery to the defendant of said assignment; that the said agent of defendant to whom said assignment was given by plaintiff's agent was the duly authorized agent of defendant; that he accepted said assignment and agreed to the transfer on behalf of defendant; and that in doing so he was acting within the line and scope of his employment by defendant.

David J. Davis, of Birmingham, for appellant.

Agency is not proven by mere actual declarations of one assuming to be an agent. 97 Ala. 681, 12 South. 295. Declarations of an agent or officer of a corporation are not competent evidence, unless made in such a way as to constitute same a part of the res gestæ. 196 Ala. 365, 72 South. 34; 97 Ala. 681, 12 South. 295; 77 Ala. 184. Self-serving declarations or acts are not admissible. 22 C. J. 220; 143 La. 609, 79 South. 24; 184 Ala. 54, 63 South. 466. The judgment was not authorized by the finding of the facts. 45 South. 155; 114 Ala. 431, 21 South. 994; 172 Ala. 532, 55 South. 214. Attention is called to the recent decision found reported in 205 Ala. 145, 87 South. 531.

R. D. Coffman, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

McCLELLAN, J. This is the second appeal in this cause, the former review by the Court of Appeals being reported in 16 Ala. App. 583, 80 South. 157. The reversal was then predicated on a construction of Code, § 5360, that this court, in Jones v. Hines, 205 Ala. 145, 87 South. 531, 532, found, belatedly, was erroneous.

[1-4] The action, instituted by appellee against appellant, is based on an assignment of or order for $5.50, wages the appellant was due one Sadler, its employee, for work done within a stipulated period. It is manifest from the record that the findings, conclusions, and judgment of the trial court were justified by the evidence and inferences therefrom. The appellant offered no evidence. It will serve no useful purpose to comment upon or to reproduce the evidence further than to observe that the facts and circumstances descriptive of the occasion upon which the assignment or order was pre-

⬷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sented by Blackwell at the office of the appellant show with requisite certainty that the person receiving the assignment or order so presented was at the time a representative of the appellant and then engaged in the service of the appellant. Evidence of his acts in receiving the paper, in turning to books in the office with the view to ascertaining the state of Sadler's account, in saying, "It's here," and in retaining the paper—this in keeping with the practice, properly admissible, on like previous occasion—was, under the quite plain indicia of authority and relation shown by the testimony, admissible as of the res gestæ of the event, the presentation of the order or assignment upon which the action is based. The admission of evidence of these matters did not at all offend the familiar rule forbidding proof of agency by mere declarations of the asserted agent. Evidence of the acts or declarations of an asserted agent is admissible where, as here, there is other testimony tending to show the fact of agency. Robinson v. Greene, 148 Ala. 434, 440, 43 South. 797, and Salvo v. Wilson, 189 Ala. 446, 449, 66 South. 613, among others. And declarations under such circumstances are not within the category of self-serving declarations held, on proper occasion, to be inadmissible.

There is no error in the record. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

### On Rehearing.

McCLELLAN, J. [5] After reconsideration of the matters urged in support of the application for rehearing, the court remains convinced of the correctness of the conclusions announced. The statement of the person in appellant's office, when Blackwell presented the order, "It's here," was referable to the subject of the order, viz. the wages of Sadler between the dates mentioned in the order, and hence was evidence tending to show that the subject of the assignment or order (Sadler's wages described in the order) was then due Sadler, and was earned wages thereby assigned.

[6] There was no error in permitting plaintiff (appellee) to show by the witness Eshmore that he, then in the service of plaintiff gave the assignment or order to Blackwell "to take out to the" appellant, which it was otherwise shown Blackwell did in the way indicated in the original opinion ante. This testimony was of the res gestæ of the authorized presentation of the assignment or order to the appellant. Such testimony did not offend the rule against self-serving declarations, within the doctrine of Kuykendall v. Edmondson, 200 Ala. 650, 77 South. 24, and

Williams v. Lay, 184 Ala. 54, 63 South. 466.

The application for rehearing is overruled.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.