(92 South. 648)

**HARTLINE et al. v. ALLEN.   (7 Div. 281.)**

(Supreme Court of Alabama.   April 27, 1922.)

**1. Sales ⬠53(1)—Evidence as to whether sale was joint or to individual held sufficient to go to the jury.**

In an action for the price of goods sold, evidence *held* sufficient for submission to the jury upon the question whether the sale was joint or to individuals.

**2. Evidence ⬠249(1)—Admission of evidence as to what was said in a meeting in which defendants participated held proper.**

In an action by a seller of goods on an account stated against buyers, who decided to order the goods at a meeting of an association, in which defendants participated, admission of evidence of what was said at the meeting and what was agreed on as to ordering the goods was proper.

**3. Account stated ⬠19(2)—Admission of letters from agent of buyers of goods and an account sent to him held proper.**

In an action by a seller of goods against buyers on an account stated, in which the goods were bought by members of an association and were to be sent to one of the members, a letter from the member asking for an account to be furnished, and the original account showing the amount of goods sold, the price thereof, and the credits thereon, were properly admitted in evidence.

**4. Principal and agent ⬠124(2)—Evidence of authority of agent to bind principal on account as stated held sufficient to go to the jury.**

In an action by a seller of goods against buyers, evidence of the authority of an agent to bind the buyers by an agreement as to the balance due on an account stated by the seller *held* sufficient to go to the jury.

**5. Trial ⬠244(2)—Refusal of charge laying stress on a particular statement of one witness, a defendant, held proper.**

In an action by a seller of goods against buyers on an account stated, refusal of a charge laying stress on the statement of one witness, a defendant in the case, in view of the fact that the jury might have inferred from the evidence that subsequent to the statement an agreement had been reached contrary thereto, was proper.

**6. Account stated ⬠20(2) — Refusal of instruction calculated to cause belief that a formal proceeding was necessary to render defendant liable held proper.**

In an action by a seller of goods against buyers on an account stated, refusal of an instruction calculated to mislead the jury in the belief that some formal proceeding was necessary to fasten liability on the buyers was proper.

**7. Account stated ⬠20(2)—Refusal of charge calculated to mislead jury held proper.**

In an action by a seller of goods against buyers on an account stated, a charge calculated to mislead the jury by reference to certain notes given by the buyers was properly refused.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Action by M. M. Allen against J. W. Hartline and others in assumpsit. Judgment for the plaintiff, and the defendants appeal. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

E. O. McCord & Son, of Gadsden, and R. F. Conner, of Center, for appellants.

There was no semblance of a contract binding the defendants for the obligations of each other, and if the contract was attempted to be entered into, it never reached a stage where it could be called a contract. 58 Ala. 618; 191 Ala. 333, 67 South. 695; 192 Ala. 35, 68 South. 263; 202 Ala. 366, 80 South. 448. The agent could not bind the principal on an account stated for the price of the goods. 155 Ala. 299, 46 South. 755.

Hugh Reed, of Center, for appellee.

The defendants were jointly liable under the evidence. 128 Mass. 31; 97 Pa. 493, 39 Am. Rep. 818. In any event it was a question for the jury as to whether or not the defendants were jointly liable. 80 Mo. 310, 50 Am. Rep. 505; 79 Ala. 138. There was no error in the admission of evidence. 108 Ala. 133, 19 South. 14; 169 Ala. 606, 53 South. 812.

GARDNER, J. Appellee sued appellants upon open account and account stated, claiming a balance due for certain commercial fertilizer sold. The evidence disclosing that the open account was barred by the statute of limitations at the time of filing the suit, these counts were eliminated by action of the trial court, and the cause submitted upon that portion of the complaint seeking recovery upon an account stated. The jury returned a verdict in favor of plaintiff, and from the judgment following the defendants prosecuted this appeal.

[1] The evidence tends to show that in the early spring of 1914 the defendants to this suit, with others held a meeting near Jamestown, in Cherokee county, for the purpose of

buying guano collectively, and thus obtain the benefit of a lower price. The plaintiff had been invited, together with other fertilizer salesmen, to appear before the meeting for the purpose of discussing the merits of his fertilizer and the prices therefor. This was done, and the plaintiff appeared before the meeting, as did other salesmen, and discussed his fertilizer. Thereupon they were excused from the meeting, and soon thereafter the plaintiff was notified that his fertilizer would be accepted upon the price stated. There was no definite arrangement at that time as to the exact amount or the kind of fertilizer ordered. The plaintiff testified that in the meeting it was stated he would be advised by mail as to the exact amount. He further testified that it was agreed at that time that it was to be a joint sale—the same as the sale the year before, which he had made—and that the fertilizer was to be shipped to Lee Crow, to whom the shipment of previous year had been made. An order blank was left to be filled out, and it was subsequently forwarded to the plaintiff by Lee Crow. The defendants were present at that meeting and during the discussion of the matters above stated. They deny, however, there was any agreement for a joint purchase, but insist that each was to purchase individually, giving his individual note. The fertilizer was shipped to Crow, and each of the defendants received the amount he desired, executed notes payable, it seems, to one Blankston, who had a short time previously been selected as secretary of the local Farmers' Union. These separate notes were delivered by Blankston to Crow, and the amounts due thereon were paid by the defendants to Crow. Payments were made by Crow on this account, but the full amount had not been paid, and for this balance the suit was brought. The plaintiff insists that Crow was never his agent and he had never given him authority to act for him in any capacity.

The evidence was sufficient for submission to the jury upon the question as to whether or not the sale was a joint sale or to the individuals. Heath v. Goslin, 80 Mo. 310, 50 Am. Rep. 505; Newell v. Borden, 128 Mass. 31; Ash v. Guie, 97 Pa. 493, 39 Am. Rep. 818.

[2] Defendants objected to the evidence as to what was said in the meeting and agreed upon at that time upon the ground 'it was uncertain as to who made the statement, and that all the details of the contract had not been agreed upon. As previously noted, however, these defendants were present, participating in the meeting, and the foregoing authorities, we think, will suffice to demonstrate that this evidence was properly admitted as tending to establish the defendants' liability.

Plaintiff stated that he was to be in-

formed of the exact amount and kind of fertilizer by mail, and that the shipment was to be made to Lee Crow as had been done the year before.

[3, 4] Under the facts as here disclosed, we think it requires no discussion to show that the letters received from Crow were properly admitted, as was also the original account showing the amount of fertilizer sold, the price thereof, and the credits thereon. Plaintiff's evidence tended to show that during the pendency of these transactions, the shipment of the fertilizer, and the payment therefor, he received a letter from Crow asking that a statement of the account be furnished, and, in compliance with this request, he forwarded to Crow such stated account—to the correctness of which no objection was made. The statement was not forwarded to either of the defendants, and it is strenuously insisted by counsel for appellants that this evidence was insufficient upon which to rest a recovery as upon a stated account, and reliance is had upon the holding of this court in Moore v. Maxwell, 155 Ala. 299, 46 South. 755. There the agent appears to have been given authority to purchase certain material, and it was held that this authority, only, did not vest in the agent the power to bind the principal upon an account stated.

The case made by this record, however, does not come within the influence of that authority. It is well recognized by all the decisions, as stated in 1 Corpus Juris, p. 702, "There is no rule which forbids the statement of an account, except between the original parties, and the transations which result in the statement of an account need not be between the debtor and creditor in person. Thus, if either party is represented by an agent authorized to act in his behalf, the elements of assent or agreement may appear sufficiently to show an account stated," and, as said by the Mississippi court in Klotz v. Butler, 56 Miss. 333:

"An agent may agree to, or participate in, the settlement of an account, so as to make it a stated account against his principal, provided it be within the scope of his agency, and occurs during the transaction of the business, dum fervet opus."

As said by this court in Robinson & Co. v. Green, 148 Ala. 434, 43 South. 797:

"The question of agency is a matter of fact, which is the province of the jury to decide upon; and if there is any evidence tending to prove the authority of the agent, the sufficiency and weight should be left to the jury under proper instructions from the court."

Numerous cases upon the authority of the agent to bind the principal upon a stated account are found cited to the case of Dolman v. Kaw Cons. Co., 103 Kan. 635, 176 Pac. 145, 2 A. L. R. 67–71 et seq. Quite a

number of these authorities have been examined by us,. and a detailed discussion of each would prolong the opinion to undue length and serve no useful purpose.

We have reached the conclusion that under the facts here shown it was for the jury to determine whether or not Lee Crow was the agent of these defendants with power and authority to accept a stated account and agree upon the balance due thereon with binding effect to these defendants. The jury could infer from the evidence in this case that the defendants had selected Crow not only to order for them the fertilizer, and that it should be shipped to and distributed by him to each of them, but that he should also take their notes for the purchase price and receive payment therefor; and the jury were authorized to infer that these defendants had left the entire management and control of this transaction to said Crow, and that during the pendency of these transactions Crow had the authority to agree with plaintiff upon the amount due and thus accept a stated account.

That portion of the oral charge of the court to which exception was reserved, construed in connection with the entire charge, was in harmony with the conclusion we have here reached, and properly left the question for the jury's determination.

Charge 5, refused to the defendants, if not otherwise faulty, was properly refused as misleading as it omits reference to other evidence in the case, to which we have just called attention, which should have been considered by the jury upon the question of the scope of Crow's agency.

[5] Refused charge 6 ignores the evidence as to the statement of account to Crow as agent for these defendants. Charge 3 was properly refused as laying stress upon a particular statement of one witness, a defendant in the cause; and, furthermore, for aught that appears, the jury might have inferred from the evidence that subsequent to this statement an agreement had been reached contrary thereto.

[6] Charge 2 was properly refused as calculated to mislead the jury in the belief that some formal proceeding was necessary before liability could be vested on the defendant.

[7] Refused charge 4 ignores any reference to the evidence concerning the stated account to defendants' agent. Charge 7 was properly refused. If not otherwise faulty, it was calculated to mislead the jury because this suit is not based upon the notes referred to but upon the account.

What we have previously stated sufficiently discloses that, in our opinion, the defendants were not entitled to the affirmative charge.

Many of the assignments of error have here been treated in a single discussion, as they were thus presented in brief of counsel for appellant.

We find no reversible error in the record, and the judgment appealed from will, accordingly, be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.