# Watson *v.* The State.

## *Murder.*

(Decided April 9, 1908.  46 South. 362.)

1. *Witnesses; Impeachment; Accusation of Crime.*—The fact that a witness is under indictment for assault with intent to murder may not be shown for the purpose of impeachment and is otherwise irrelevant.

2. *Criminal Law; Trial.*—The fact that the court said to the witness, "you need not answer that question," and to counsel, "I do not like to hear as intelligent counsel as represents the defendant ask such a question. They know, or should know, that the mere fact that the witness has been indicted for an assault with intent to murder in no way impeaches such witness, and such evidence is not relevant," was not prejudicial to defendant, and was unobjectionable, especially as the court instructed the jury that the remarks were not intended for them.

3. *Same; Harmless Error; Ruling on Evidence.*—Where the identification of the rock offered in evidence was a question for the jury, and the court limited its introduction to a matter of comparison with the rock taken from decedent's pocket, a witness having testified that it looked like the same rock and was about the same size, its admission was not prejudicial to defendant.

4. *Witnesses; Impeachment; Evidence as to Character.*—It is competent to introduce evidence as to a witness's general character for truth and veracity, to sustain such witness where impeaching evidence as to such witness is offered.

5. *Criminal Law; Trial; Argument of Counsel.*—It is improper for counsel to argue that a defendant has been forced to trial, and the court properly arrested such argument.

6. *Same; Limiting Number of Arguments.*—It is within the discretion of the court as to whether it will allow more than two arguments to the side, and not error to limit the defense to two arguments where the state has but two.

7. *Homicide; Trial; Instructions; Murder in the First Degree; Self Defense.*—Charges 1, 2, 3, 6, 8, and 9 given at the request of the state, examined and held to be free from prejudicial error.

APPEAL from Gadsden City Court.

Heard before Hon. ALTO V. LEE.

Daniel Mack Watson was indicted for the killing of Charles Ellenburg by shooting him with a pistol, was convicted of murder in the second degree, and was sen-

tenced to the penitentiary for 20 years.  From this judgment, he appeals.  Affirmed.

During the examination of the witness Ashford counsel for defendant asked if he was not then under indictment for assault with intent to murder.  The court sustained an objection to the question, and in answer to earnest insistence of counsel that such testimony was relevant the court said, speaking to the witness, "You need not answer that question," and, turning to counsel for defendant said: "I don't like to hear as intelligent counsel as represents the defendant ask such question.  They know, or should know, the mere fact that a witness had been indicted for assault with intent to murder in no way impeaches said witness, and such evidence it not relevant."  The defendant excepted to the remark of the court, made in the hearing of the jury, whereupon the court turned to the jury and said to them that what he had said to counsel was not to have any effect upon them at all; and should not be considered by them one way or the other.  The other facts sufficiently appear in the opinion.

At the request of the solicitor the court gave the following written charge for the state:

"(1) The court charges the jury that, to make out a case of justifiable self-defense, the evidence must show that the difficulty was not provoked or encouraged by defendant, that he was or appeared to be so menaced at the time as to create reasonable apprehension of danger to his life or of grievous bodily harm, and that there was no other reasonable hope of escape from such present impending peril.

"(2) The court charges the jury that, to make a plea of self-defense available, the defendant must be without fault.  If he was himself the first aggressor, he cannot invoke the doctrine of self-defense, even if the deceased

was approaching him in a hostile manner; and whether the necessity to take life was real or only apparent, if brought about by the design, contrivance, or fault of defendant, he cannot be excused on the plea of self-defense.

"(3) The court charges the jury, if a party dangerously armed provokes a hostile demonstration with an undue advantage, he is guilty of murder, if he slays his adversary pursuant to a previously formed design to use his weapon in an emergency. Previous preparation for a rencounter evinces deliberation and premeditation, and, unexplained, is evidence of express malice."

"(6) In cases of homicide, the law presumes malice from the use of a deadly weapon, and casts on the defendant the onus of repelling the presumption, unless the evidence of the killing shows also that it was perpetrated without malice; and whenever malice is shown, and is unrebutted by the circumstances of the killing, or by other facts in evidence, there can be no conviction for any degree of homicide less than murder."

"(8) If the defendant, in this county, and before the finding of the indictment, purposely killed Ellenberg by shooting him with a pistol, with a wickedness or depravity of heart towards said deceased, and the killing was determined on beforehand, and after reflection for however short a time before the fatal shot was fired is immaterial, and defendant is guilty of murder in the first degree.

"(9) If defendant, in this county, and before the finding of this indictment, killed Charles Ellenburg · by shooting him with a pistol, with malice aforethought, he is guilty of murder; and if said killing was willful, deliberate, malicious, and premeditated, and the deliberation and premeditation existed for only a moment before the fatal shot was fired, the defendant is guilty of murder in the first degree."

[Watson v. The State.]

The solicitors for the defendant requested that three of them be allowed to address the jury after one had finished speaking. The court replied that either of the other gentlemen might address the jury, but that the defense would be limited to two speeches. After the conclusion of the second speech, the third counsel for defendant requested permission to address the jury on behalf of defendant, and the court declined to grant his request, to which exception was reserved.

BILBRO, INZER & STEPHENS, and CATO D. GLOVER, for appellant. As the rock was not identified as the rock the decedent had on his person, it should not have been permitted in evidence.—*Hornsby v. The State,* 94 Ala. 55; *Buchanan v. The State,* 109 Ala. 7; *Crane v. The State,* 111 Ala. 45; *Evans v. The State,* 109 Ala. 11; *Miller v. The State,* 107 Ala. 40. Counsel had a right to address the jury.—Article 1, Sec. 6, Constitution 1901. Written charge 1 given for the state was very faulty. The question was, was there a reasonable mode of escape and not a reasonable hope.—*Hinson v. The State,* 112 Ala. 41; *Holmes v. The State,* 100 Ala. 80; *Robinson v. The State,* 108 Ala. 14; *Gibson v. The State,* 89 Ala. 21. The same criticism can be indulged in as to charges 2 and 3. The other charges given for the state were manifestly bad.

ALEXANDER M. GARBER, Attorney General, for the State. It was not permissible to show that Ashley had been indicted for an assault with intent to murder.—*Ross v. The State,* 139 Ala. 144. The objection to the testimony of the witness Ashley came too late.—*Coppin v. The State,* 123 Ala. 58. The objections was without merit.—*Holly v. The State,* 105 Ala. 100. It was within the discretion of the court whether it would permit more

than two of defendant's counsel to address the jury.—
*Peagler v. The State,* 110 Ala. 11; *Yeldell v. The State,*
110 Ala. 26. Charges 1, 2 and 3 given for the state were
proper charges.—*Martin v. The State,* 77 Ala. 1; *Gipson
v. The State,* 89 Ala. 121; *Perry v. The State,* 94 Ala. 30;
*Gilmore v. The State,* 126 Ala. 21; *Webb v. The State,*
100 Ala. 47. Charge 4 was proper.—*Reese v. The State,*
135 Ala. 13; *Skipper v. The State,* 144 Ala. 100. On the
same authorities charge 5 was properly given. Charge
6 is good.—*Sylvester v. The .State,* 72 Ala. 201. Charges
7 and 8 were properly given.—*Lang v. The State,* 84 Ala.
1.

DOWDELL, J.—The objection by the solicitor to the
question asked the witness Ashley by the defendant, if
he had not been indicted for an assault with intent to
murder, was properly sustained. *Ross v. State,* 139 Ala.
144, 36 South. 718. The remarks made by the court to
the counsel for the defendant in connection with its rul-
ing on this question were unobjectionable, and free from
any prejudicial injury to the defendant. Moreover, the
court instructed the jury that his remarks to counsel
should not be considered by the jury.

The identification of the rock, offered in evidence by
the state, was, under the evidence, a question for the
jury. The court, however, limited its introduction in
evidence as a matter of comparison to the rock taken
from the deceased's pocket, as the witness testified that
it looked like the same rock and was about the same size.
There was no error in this ruling prejudicial to the de-
fendant.

The defendant having offered impeaching evidence as
to the state's witness, Minnie Ellenburg, on a predicate
laid for that purpose, it was competent for the state to
introduce evidence of the witness' good character for
truth and veracity for the purpose of sustaining her.

The remarks of counsel to the jury as to the defendant's being forced to trial were properly arrested by the court. This was a question with which the jury had nothing to do, and it was altogether improper as an argument to the jury.

The court committed no error in limiting the number of arguments by counsel for the defendant to the jury to two. The state had but two. It was a question within the court's discretion whether it would allow more or not.

The several written charges given at the request of the state are free from any reversible error.

We find no reversible error in the record, and the judgment appealed from must be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.