(101 So. 811).

**BURK et al. v. KNOTT. (7 Div. 980.)**

(Court of Appeals of Alabama. Oct. 28, 1924.)

**1. False imprisonment ☞4—Legal malice essential, but may be inferred.**

Though actual malice is not essential element of false imprisonment, legal malice is, and may be inferred from lack of authority in making arrest or from want of probable cause.

**2. False imprisonment ☞5—Detention, though without confinement, is essential.**

Some detention is essential to false imprisonment, though there need be no actual confinement.

**3. False imprisonment ☞5—Acts causing reasonable apprehension force would be used and submission, constitute detention.**

If defendants' conduct toward plaintiff was such as to create reasonable apprehension that force would be used if he did not submit, and acting upon such apprehension he did submit, his detention was sufficient to sustain action for false imprisonment.

**4. False imprisonment ☞7(3)—Neither actual belief in guilt of misdemeanor nor reasonable grounds therefor constitute justification.**

Where plaintiff was arrested without warrant for misdemeanor of which he was not guilty, neither actual belief in his guilt nor reasonable grounds to suspect him would constitute justification under Code 1907, § 6269.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Evidence ⬦121(15)—Testimony as to fright, excitement, and condition of witness at time of her arrest, held part of res gestæ and admissible.**

Where plaintiff and wife were arrested while in hotel room, testimony as to fright of plaintiff's wife, excitement, and condition of her nerves, *held* part of res gestæ and admissible.

**6. False imprisonment ⬦28—Proof of illness following arrest held incompetent where not shown to be proximate result.**

Proof by plaintiff that after arrest of himself and wife, she became sick and required medical attention *held* incompetent, in absence of any evidence connecting sickness with illegal arrest as proximate result.

**7. Appeal and error ⬦1053(3)—Error in admitting evidence not cured by instruction.**

Error in admission of evidence · *held* not cured by subsequent instruction which did not withdraw such evidence.

**8. Evidence ⬦121(15)—Acts and statements by parties or others present during plaintiff's detention are part of res gestæ and admissible.**

Everything done by plaintiffs or defendants, or by others present during time plaintiff was in custody of defendants, relating to transactions, were part of res gestæ and admissible in action for false imprisonment.

**9. False imprisonment ⬦30—Evidence of conduct of house in which plaintiff and wife were arrested held properly excluded, though evidence of bad reputation was admissible on question of malice.**

Where plaintiff and wife had been arrested while orderly occupying hotel room, evidence tending to show that place had been improperly conducted, that persons had been found there unlawfully cohabiting, offered, to show good faith of defendant officers, *held* properly excluded, though proof that house was of bad repute and under surveillance was admissible on question of malice.

**10. False imprisonment ⬦30—Evidence of reasonable care and lack of malice should go to jury in mitigation of damages.**

Officers making false arrest should not be held beyond letter of law, and facts showing reasonable care and lack of malice should go to jury in mitigation of damages.

**11. False imprisonment ⬦23—Ordinances held inadmissible.**

Where plaintiff was not charged with violating any ordinances of town where arrested, such ordinances were inadmissible.

**12. False imprisonment ⬦5—One may be arrested without being told he is arrested.**

Plaintiff might have been arrested without being told that he was arrested in so many words, and, if officers' conduct was such as to place plaintiff under their dominion and deprive him of his liberty, he was under arrest.

**13. Trial ⬦240—Instruction held properly denied as argumentative.**

Instruction, that defendant officers were not bound to accept statement of D. that plaintiff and wife were married before making arrest in hotel room, *held* properly denied as argumentative.

**14. False imprisonment ⬦7(3)—Ill repute of house and belief in guilt held not to justify arrest.**

While evil repute of house in which plaintiff and wife were arrested might have justified officers in keeping it under surveillance, it did not justify officers in entering his room and arresting and confining him against his will for misdemeanor of unlawful living together.

**15. False imprisonment ⬦35—Instruction precluding recovery of punitive damages held properly denied.**

Exemplary damages are recoverable where defendants act with malice, and instruction that, if plaintiff sustained no actual damages, he could not recover punitive damages in any event, was properly denied.

**16. Trial ⬦260(1)—Denial of requested charges covered by others given is not error.**

Denial of requested charges covered by others given is not error.

**17. False imprisonment ⬦40—Instruction properly refused as calculated to mislead jury.**

An instruction, in action for false imprisonment, that there could be no recovery if there was no imprisonment, *held* properly refused as calculated to mislead jury unless explained.

**18. False imprisonment ⬦40—Instruction as to presumption of malice and rebuttal thereof held properly denied.**

Instruction as to presumption of malice and rebuttal of such presumption by evidence of surrounding facts and circumstances *held*. properly denied.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action for false imprisonment by Wesley F. Knott against Charles Burk and Earl Luttrell. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Assignments of error 25, 26, and 27 are predicated upon the action of the court in overruling objection to the question propounded to plaintiff as a witness, "The other doctor bill, where was that, and when did it occur?" and in refusing to exclude the answer and all testimony as to any amount paid by plaintiff for doctor's bills.

The defendants propounded these questions to the witness Luttrell (one of the defendants), to which plaintiff's objections were sustained:

"State if any report had been made to you about their conduct before."

"What was the name of that man?"

"As an officer of the law, did you have occasion to investigate the condition of that house before that time?"

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It was announced by attorney for defendants that defendants offered to show that on numerous occasions, shortly before the time in question, the boarding house was conducted in such a manner as that the officers went there and found men and women, not married, cohabiting; the same being known to defendants. The evidence was offered generally, and then limited to show good faith on the part of the officers in making the investigation. Plaintiff's objection to this proffered evidence was sustained, and these several rulings constitute the bases of assignments 28 to 33, inclusive.

The excepted to excerpts from the oral charge of the court, made the bases of assignments 47, 48, and 49, are as follows:

"There could be an arrest by the officers without telling the plaintiff he was arrested. An arrest may be effected without telling the man that he is arrested in so many words."

"If the conduct of the officers was such at the time as to put this plaintiff under their dominion and under their control so as to deprive him of his liberty to go where he desired to go, or so as to require him to go where he did not desire to go, if you find that to be true in this case, the plaintiff was under arrest."

"The fact that a man and his wife are found in a room together is no evidence of adultery."

These charges were refused to defendants:

"(1) The court charges the jury that the officers were not bound to accept the statement of Duffey that the plaintiff and his wife were married before making the arrest, if an arrest was made.

"(2) If the plaintiff sustained no actual damages, he cannot recover punitive damages in any event.

"(3) Reasonable grounds for apprehending that there would, or might be, a breach or disturbance of the peace, violation of the city ordinances against disorderly conduct or adultery would make it the duty of the officers to visit the boarding house where the plaintiff and his wife were stopping, that they might prevent violation of the law. Apparent necessity, or a reasonable survey of the surroundings, is an excuse, as valid as if it was real. Preventive measures, to be effective, must be taken on the reasonable appearance of things."

"(9) If there was no imprisonment of the plaintiff, he cannot recover."

"(14) While the law presumes that an unlawful act was done with malice, yet that presumption may be overcome by the evidence, and in passing upon whether the defendants were actuated by malice the jury may look to the facts and circumstances surrounding the parties at the time in connection with all the evidence of the case, and if, after a consideration of all the evidence in the case, the jury are reasonably satisfied that the defendants were not actuated by malice, they should find a verdict in favor of the defendants, even though the jury might be reasonably satisfied that the plaintiff was arrested and imprisoned and that there was no probable cause for the same."

E. O. McCord & Son, of Gadsden, for appellants.

Testimony by the wife of plaintiff, whether she was frightened and the condition of her nerves, should not have been admitted. A. G. S. v. Flinn, 199 Ala. 177, 74 So. 246. There was error in the excepted to portions of the oral charge and in the refusal of charges requested by defendants. Petit v. Colmery, 4 Pennewill (Del.) 266, 55 Atl. 344; French v. Bancroft, 42 Mass. (1 Metc.) 502; B. & O. v. Strube, 111 Md. 119, 73 Atl. 697; Gibson v. State, 193 Ala. 12, 69 So. 533.

O. B. Roper, of Gadsden, for appellee.

As to recoverable damages, see 2 Greenleaf on Evi. (15th Ed.) 458; Birmingham Ledger Co. v. Buchanan, 10 Ala. App. 527, 65 So. 667; 25 C. J. 557. Malice a question for jury. Gambill v. Cargo, 151 Ala. 421, 43 So. 866; Gambill v. Schmuck, 131 Ala. 321, 31 So. 604; Fuqua v. Gambill, 140 Ala. 464, 37 So. 235. Defendants' requested charges were properly refused. Robinson & Co. v. Greene, 148 Ala. 434, 43 So. 797; Birmingham Ledger Co. v. Buchanan, supra; De Yampert v. State, 139 Ala. 53, 36 So. 772; Sanders v. Davis, 153 Ala. 375, 44 So. 979. There was no error in rulings on evidence. Greenleaf on Evi. pp. 183, 283; Cooley on Torts, 470.

SAMFORD, J. The case made by the testimony of plaintiff and his witnesses tends to establish that plaintiff and his wife, whom he had recently married in De Kalb county, Ala., were on a "honeymoon" trip to Attalla, Ala.; that there they obtained a room at a rooming house, which they occupied together in an orderly manner for several days; that they were guilty of no violations of law; that the defendants, representing themselves as police officers, came to plaintiff's room in the daytime, while he and his wife were there and plaintiff was partially undressed, demanded admittance, and, charging plaintiff and his said wife with living together without being married, arrested plaintiff and his wife and confined them for some 30 minutes by depriving them of their liberty; that the arrest was made without warrant. It further appears, without conflict, that at the time the officers came and made the arrest, if an arrest was made, the plaintiff nor his wife were engaged in the violation of any law or ordinance of the town, and that the defendants had no process of any kind charging any infraction of any law. The cause was tried on two counts claiming damages for "maliciously and without probable cause therefor, arresting and imprisoning plaintiff," and a claim of $15 as special damages for doctor's bill, incurred as a proximate cause of the illegal act. To this was interposed the "general issue, in short by consent, etc."

[1-3] The gist of this action is unlawful and malicious detention, and consists of an unlawful and malicious restraint of the plain-

tiff against his will of his personal liberty. While actual malice is not an essential element of the tort, legal malice is, and this may be inferred from the lack of authority in making the arrest or in a want of probable cause. Gambill v. Schmuck, 131 Ala. 321, 31 So. 604; 25 C. J. p. 450. Another essential to the cause of action is there must be some detention, but this need not be actual confinement. If the intentional conduct of defendants towards plaintiff and his wife was such as to induce a reasonable apprehension in the mind of plaintiff that force would be used if plaintiff did not submit, and acting on such apprehension he did submit, the detention would be complete, so as to sustain this action. 25 C. J. p. 454 (11) c. In other words, if the defendants, being police officers and representing themselves as such, went to plaintiff's room, demanded admission, and told plaintiff, "I came after you two, you are not married, and I'm going to arrest you," and then commanded plaintiff to accompany them, and he did so, by reason of the apparent authority and apprehension of force if he did not do so, this was such an arrest and imprisonment as would become the basis of a civil suit provided the arrest was unlawful and without probable cause. 25 C. J. p. 454 (11) c; Robinson & Co. v. Greene, 148 Ala. 434, 43 So. 797. This issue was submitted to the jury under a proper and full charge from the court.

[4] Under section 6269 of the Code of 1907, an officer (including policemen) may make an arrest for any public offense committed in their presence; or when a felony has been committed, though not in his presence, if such officer has reasonable cause to believe that the person arrested committed such felony. But in the instant case there is no pretense that a felony had been committed by the plaintiff, or even that the plaintiff had committed a misdemeanor. Therefore it affirmatively appears, if there was a detention of plaintiff, as hereinabove defined, there was an invasion of plaintiff's individual rights to freedom and liberty. The pretense for arrest being a misdemeanor, neither actual belief in the guilt of the arrested party nor reasonable grounds to suspect him to be guilty constitutes a justification. Rhodes v. McWilson, 16 Ala. App. 315, 77 So. 465, Id., 202 Ala. 68, 79 So. 462, 1 A. L. R. 568; Warsham v. State, 17 Ala. App. 181, 84 So. 885; 25 C. J. p. 471 (37) (6).

[5] While the wife of plaintiff was being examined as a witness, she was asked if at the time of the arrest in their room she was frightened, what was the condition of her nerves, and if she was excited. The answers to these questions were of the res gestæ and therefore admissible in evidence. Birmingham Ry., etc., v. Glenn, 179 Ala. 263, 60 So. 111. It was also competent for witness to answer that she was in connection with the arrest and at the time, frightened, nervous, and excited. W. U. Tel. Co. v. Rowell, 153 Ala. 295, 45 So. 73. It is argued that these answers did not relate to the transaction of the arrest. This is untenable. They were all asked in connection with and as a part of what took place between the parties in plaintiff's room at the time of the arrest. Besides, the questions were not objected to on this ground.

[6, 7] It was not competent for plaintiff to prove that his wife was sick immediately following the arrest; that plaintiff incurred expense on account of doctors' bills; that plaintiff had the doctor for her three or four times and had to bring her to the hospital; and that plaintiff paid out $300— unless this evidence connected this sickness and the result as proximately connected with the illegal arrest. This plaintiff did not do. There was no evidence of the nature of the sickness from which the jury could draw a conclusion that it was the result of the arrest, and no other evidence tending to prove a connection between the act of defendants and the sickness testified to. The plaintiff's wife may have become sick of typhoid fever or any one of a thousand diseases, in no way connected with the act of defendant. It is true that the court in his oral charge said, "I will tell the jury there can be no recovery on account of the doctor's bill, because there is no evidence the arrest caused the sickness," but the court did not exclude the evidence on this subject from the jury and made no effort to correct the error. This evidence was therefore left before the jury for its consideration for whatever it was worth, although the court subsequent to its admission recognized its irrelevancy. We think such evidence might have the effect of exciting the sympathy for plaintiff and, as such, to prejudice the jury in plaintiff's favor.

[8] Everything said and done by the parties themselves or by others there present in plaintiff's room and during the time plaintiff was in custody of defendants, and relating to the transactions, were a part of the res gestæ and admissible.

What has been said above also applies to assignments of error 25, 26, and 27. There was no evidence that this subsequent sickness was proximately caused by the arrest complained of.

[9, 10] The assignments of error 28 to 33, both inclusive, are not well taken. It is not pretended that this plaintiff or his wife were violating any law at the time of the arrest, and the defendants could not justify their act or mitigate the damages incident thereto by proof that some party had made report of their conduct, not charging a felony, or that the officer as such had had occasion to investigate the character of the rooming house at which plaintiff was stopping, or that other men and women had been caught sleeping together in rooms in said rooming house.

But if the house at which plaintiff was stopping was of such bad repute as to be under the surveillance of the authorities, and on numerous occasions before this time and shortly before the house was known by the officers to be conducted in such manner as to have the repute of being a house of assignation, then the defendants were entitled to such evidence as bearing on the question of malice. 25 C. J. 545 (153) g. Police officers are charged with the duty of preserving the moral law and generally to keep down crime, and while they act at their peril in dealing with the rights of the citizen, they should not be held liable beyond the letter of the law, and when they act with reasonable care and without malice such facts should go to the jury in mitigation of damages, which otherwise would be awarded.

[11] The plaintiff not having been under charge of violating any of the ordinances of the town of Attalla, the ordinances of said town were inadmissible.

[12] The excerpts from the court's oral charge excepted to and made the basis of assignments of error 47, 48 and 49 are without error and as will be noted from the foregoing opinion state correct propositions of law.

[13] Charge 1 refused to defendants was an argument. There are a number of refused charges, upon which assignments of error are based, but there is no separate argument in brief of counsel for appellant, and as has been done by appellant in his brief, we shall treat them generally. Some of the refused charges were covered by the court in its oral charge and as we have seen all charges requesting affirmative instructions for defendants or either of them were properly refused.

[14] Those charges as illustrated by refused charge 3 are specifically insisted upon, and in support of the argument we are cited to the case of Gibson v. State, 193 Ala. 12, 69 So. 533, and the authorities therein cited. It will be observed that the Gibson Case was based upon a charge of felony or a threatened breach of the peace, under which circumstances officers are authorized to arrest without warrant. In the instant case there was no report of a felony, a threatened breach of the peace, or other crime being committed by the plaintiff. And while we have held in this opinion that the evil repute of the rooming house might be introduced in evidence, in connection with the other circumstances in mitigation of damage, rebutting malice, and while the evil repute of the house might have justified the officers in keeping it under surveillance, such fact would not and could not justify defendants in going into plaintiff's room and arresting and confining him against his will. Oates v. Bullock, 136 Ala. 537, 33 So. 835, 96 Am. St. Rep. 38; Polonsky v. Pa. R. Co. (C. C.) 184

F. 558. Neither actual belief in the guilt of plaintiff nor reasonable grounds to suspect him to be guilty of a misdemeanor could justify the arrest, under the circumstances of this case. Shanley v. Wells, 71 Ill. 78. Furthermore, while the officers might have been justified in being at the rooming house before entering plaintiff's room, it was their duty to have taken precaution against arresting an innocent person or of invading his room by making investigations beforehand. Schneider v. Shepherd, 192 Mich. 82, 158 N. W. 182, L. R. A. 1916F, 399. It will appear from the foregoing that charge 3 was properly refused. Moreover, this charge is bad as being an argument.

[15] If the act of defendants was malicious and plaintiff was detained as herein above described, general damages would follow from proof of the unlawful detention. 25 C. J. 540, note 27: And if the jury should find that the defendants acted from malice, then a verdict for exemplary damages would be sustained. 25 C. J. 551 (161) e. From the above it is clear that charge 2 was properly refused.

[16, 17] Those refused charges as illustrated by refused charge 9 were covered by the court in its oral charge. Moreover, charge 9 needed explanation, and any charge which is calculated to mislead a jury, unless explained, is properly refused.

[18] As has been seen from the foregoing opinion, under the facts of this case charge 14 was properly refused.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.