147 So. 685

### TRACY v. STATE.
### 5 Div. 901.

Court of Appeals of Alabama.
April 18, 1933.

Reynolds & Reynolds, of Clanton, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, Presiding Judge.

This prosecution originated upon the affidavit of one W. H. Gillespie, and warrant issued thereon was made returnable to the circuit court. A special statute so provides. The charge was that the defendant (appellant) did operate an automobile upon a highway in Chilton county while under the influence of intoxicating liquor. The second count of the complaint was of the same import but worded differently. In the circuit court he was tried by a jury who returned a general verdict of guilty as charged in the complaint, and judgment of conviction was accordingly pronounced and entered, from which this appeal was taken.

The principal witness for the state was prosecutor Gillespie whose testimony tended to make out a case against this appellant. Upon cross-examination of this witness the defendant undertook to show that at the time of the alleged commission of this offense which the witness had testified was committed in his presence upon the highway as charged, and at which time he, witness, arrested this appellant, that he arrested him for an entirely different offense than the one here charged, and that when that case failed, he then swore out the complaint in this case. The court properly held that this fact, if true, would be no defense to the present charge and over the exception of defendant would not permit the inquiry. But in this connection the court would not permit the defendant on cross-examination of witness Gillespie and other witnesses, to show what was said and done at that time and place where the alleged offense here complained of was said to have been committed, and in these rulings the court fell into error. These matters attempted to be thus shown were of the res gestæ, hence admissible under the elementary rules of evidence.

Several witnesses testified that this appellant was not in fact driving the car at the time complained of and that one Dennie was driving it. This question, however, was in dispute and hence for the jury to determine. The defendant should have been allowed to show to the jury what transpired at the time and place complained of and he was thus entitled on cross-examination of the state witnesses, as well as upon the direct examination of his own witnesses. For the errors indicated, the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.