61 So.2d 857

HALLMAN v. STATE.

7 Div. 191.

Court of Appeals of Alabama.

Aug. 12, 1952.

Rehearing Denied Oct. 28, 1952.

Huel M. Love, Talladega, and McDonald & Moon, Birmingham, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., and Robt. P. Bradley, Montgomery, of counsel, for the State.

594

CARR, Presiding Judge.

This is an appeal from a judgment of conviction of assault with intent to murder.

According to the State's evidence the appellant was tried and adjudged guilty in the recorder's court of the City of Ashland, Alabama on a charge of public drunkenness. At the conclusion of the trial, two officers, Moore and Elliott, proceeded toward the jail with the appellant. En route the three men stepped off the sidewalk onto the street between two closely parked automobiles. At this point it was necessary for them to walk single file. Officer Moore was in front, the appellant was next, and Officer Elliott followed. As they were passing between the parked cars in this fashion, the defendant struck Mr. Moore on the back of the head. Mr. Moore immediately turned and struck the accused. This lick forced the latter back into the arms of Mr. Elliott. While in this position, the appellant removed Mr. Elliott's pistol from its holster and forthwith shot Mr. Moore. The bullet entered the leg. The physician testified that the nature of the injury was serious.

The appellant contended that he did not remove the pistol from the holster. He testified that he never had his hands on the gun; that when he was knocked back against Officer Elliott he heard the report of the pistol and immediately thereafter saw Mr. Elliott replacing the gun in the holster.

At the inception of the trial proceedings appellant's attorney moved for a continuance. It was claimed that a material witness was absent. This witness was a photographer who took pictures of the locale several hours after the affray. It appears that the solicitor agreed to admit that the pictures accurately depicted the scene as of the time they were taken. The evidence of the absent witness could have added nothing to the admitted facts. Clearly, the court did not abuse his discretion in denying the motion on this account.

It was insisted also that counsel had not been afforded ample time to prepare for trial. It appears that the attorneys were employed about a week or ten days before the trial. Certainly, there is no merit in this ground of the motion. Morris v. State, 193 Ala. 1, 68 So. 1003; Avery v. State, 237 Ala. 616, 188 So. 391; Cauley v. State, 33 Ala.App. 557, 36 So.2d 347.

Defendant's counsel moved for a change of venue. The proof fails wholly to establish that the accused could not be accorded a fair and impartial trial in Clay County.

The prime insistence in this aspect was based on the contents of a newspaper article which gave an account of the shooting. The article appears in the record. There is nothing in the report that is in any manner calculated to inflame the minds of the citizens of the county. It is a brief delineation of the facts according to the information of the author of the article.

The recent case of Campbell v. State, 257 Ala. 322, 58 So.2d 623, and authorities cited therein amply support our view that there is no merit in the insistence of instant concern.

All that was said and done at the time and place of the alleged offense constituted a part of the res gestae. Tracy v. State, 25 Ala.App. 417, 147 So. 685; Burk v. Knott, 20 Ala.App. 316, 101 So. 811.

On the second day of the trial and at about the close of the State's evidence in chief, it was made known to the court that defendant's stepfather had died suddenly a short time prior to the disclosure. This information was announced out of the presence of the jury. Appellant's counsel moved for a mistrial.

As we interpret the record, this unfortunate occurrence did not force the absence of any witnesses from the trial.

It was urged that to be deprived of being with his mother in her hour of sorrow would disturb and distress the defendant to such an extent that he could not continue with the defense of his case in a normal and effective manner.

The jury was kept together during the trial and it was not apprised of the death of appellant's stepfather.

Title 30, Sec. 100, Code 1940 empowers the trial judge to declare a mistrial "when in the opinion of the court or judge there is a manifest necessity for the discharge, or when the ends of justice would otherwise be defeated."

Of necessity the right thus given must address itself to the sound discretion of the presiding judge.

■ Generally speaking a mistrial is no trial. If something transpires or occurs during the progress of a trial, and it is made clearly manifest that justice cannot be afforded, the proceedings should be arrested and a mistrial ordered.

The record in the instant case discloses no indication that appellant or his counsel was hindered or hampered by the sudden death of the stepfather.

The defendant testified in his own behalf and gave a full account of his factual contention. He introduced several witnesses to support his position. So far as we are able to discern, the trial proceeded to its final conclusion in a normal and regular manner.

It is to be regretted, of course, that appellant's stepfather died; however we are unable to conclude that the presiding judge abused his discretion in denying the motion for a mistrial.

■ A short time after the case was submitted to the jury and it had retired to its room for deliberation, a bailiff delivered a personal message to one of the jurors. It appears that the officer went just inside the room while the door was still open. The officer had received the permission of the trial judge to deliver the message.

Counsel raised this question for the first time in his motion for a new trial. At the hearing on the motion the State introduced the bailiff in question and practically all of the jurors who tried the case. Each of these witnesses testified that the officer was at the door for a very short time and during this appearance no reference whatever was made concerning the case. There was no evidence to the contrary.

We hold that it was clearly established that the appellant's rights were not infringed by the indicated incident. Green v. State, 252 Ala. 513, 41 So.2d 566; Williams v. State, 26 Ala.App. 531, 163 So. 663; Popwell v. Clanton Wholesale Grocery Co., 252 Ala. 503, 41 So.2d 400.

■ During his argument the solicitor placed his hand upon the knee of one of the jurors. Appellant's counsel made no objection at the time of the occurrence. The question was raised first on the motion for a new trial.

It is very likely that a failure to interpose objections during the progress of the trial precluded the right to raise the question for the first time on a motion for a new trial.

All this aside, we are not convinced that the incident was of such purport and significance as to result in any material harm to the substantial rights of the accused. From aught appearing it was an inadvertent, unintentional act of the prosecuting officer.

In the case of Stewart v. State, 18 Ala. App. 92, 89 So. 391, 394, we disapproved this practice or conduct, but we declared: "For the solicitor to touch the knee of one of the jurors during the argument, if intentional, was an improper practice, but the record discloses his disavowal of any such intention, and it does not appear that the defendant suffered any on account of this incident."

■ In brief of counsel it is urged that in argument to the jury the solicitor made several statements which in cumulative effect were ineradicable. In each incident about which complaint is made the court sustained the objections and excluded the remarks. Counsel did not request the court to take any further action and with the exception of one occasion appellant's attorney did not move for a mistrial.

In this aspect the record discloses:

"By Mr. Love: We object to the argument of the solicitor that it is urgent that this case be tried immediately and we move the Court for a mistrial. The solicitor has referred to this defendant

as a thug and compared him with a thug.

"By the Court: Gentlemen I exclude that part referring to. the defendant as a thug. What other part of the argument are you objecting to.

"By Mr. Love: About a speedy trial was demanded by the county. That this case was of such importance it demanded an immediate trial.

"By the Court: I will exclude that gentlemen of the jury."

It is to be noted that the court did not rule on the motion for a mistrial and therefore no exception was reserved by appellant's counsel.

Ground 6 of appellant's motion for a new trial is:

"For that the special prosecutor of the State of Alabama employed by Horace Garrett, Mayor of Ashland, Alabama, constantly referred to the Defendant throughout his closing arguments of the trial as a 'Thug.' "

The other assertions which the solicitor made are not included in any ground of the motion.

In the state of the instant record we are not permitted to review the cumulative effects of the solicitor's argument. Kervin v. State, 254 Ala. 419, 48 So.2d 204.

With the exception of charge numbered 14, the written instructions refused to appellant were affirmative in effect.

Charge 14 is not predicated on the evidence. Edwards v. State, 205 Ala. 160, 87 So. 179; Knighten v. State, 35 Ala.App. 524, 49 So.2d .789.

■ We would be entirely out of harmony with the authorities to hold that the trial judge was in error in overruling the motion for a new trial on the ground that the verdict was contrary to the great weight of the evidence. Cobb v. Malone, 92 Ala. 630, 9 So.. 738.

We have responded to each presented question which appears to merit our discussion.

The judgment of the lower court is ordered affirmed.

Affirmed.