194 So.2d 538

Lawrence W. SHADLE

v.

STATE of Alabama.

1 Div. 323.

Supreme Court of Alabama.

Jan. 26, 1967.

---

Harry H. Riddick, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and Robt. F. Miller, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

This is an appeal by Lawrence W. Shadle from the Circuit Court of Mobile County, where he was convicted by a jury of the crime of rape and sentenced to life imprisonment.

It is a case where the defendant does not deny that the crime was committed, but he does deny that it is he who is the guilty party.

Upon the trial of the case the evidence disclosed that on the afternoon of January 1, 1965, the victim, aged 12, and her 2 eleven year old companions were riding their bicycles in the Navco Shopping Center located at the intersection of Navco Road and McVay Drive in Mobile, Alabama. At the rear of the shopping center they found several coupons, of the type which, when placed in water, revealed a number on its face. They then proceeded to wash the coupons in a branch located directly behind the shopping center. Testimony from all three girls showed that a man whom they subsequently identified at the trial as the defendant, accosted them from behind, grabbed the victim by the arm and then by the use of threats forced the three girls into the woods for a distance of approximately 150 feet behind the shopping center. There he ordered all three girls to disrobe which they did. He then proceeded to have sexual relations with the victim in the presence of the other two girls. After this he left, taking the girls' clothing and telling them to count to 200 before moving. Shortly thereafter, the girls made their way through the woods to the home of one of the other two girls. Her mother telephoned the victim's mother. The police were summoned and each child gave a description of the man who had ravished the victim.

Some three weeks later the police picked up the defendant. Each of the three children was called and each was brought to the jail in Mobile and each separately made an identification of the defendant as the man who had committed the rape. One of the girls pointed out the defendant where he was sitting in a room, dressed in street clothes, amidst several detectives. The other two girls picked the defendant out of a six man line-up.

The defendant did not testify, but called six witnesses to establish an alibi. Their testimony was that the accused was visiting in his employer's home, a place far removed from the scene of the crime, during the period or just shortly before the attack took place, which made it improbable or impossible for him to have committed the attack. The defendant's wife testified that she was with her husband while they visited his employer and also while they visited a neighbor shortly thereafter, whose abode was likewise a considerable distance from the scene of the crime.

The defendant was arrested in the same neighborhood as that in which the rape occurred.

Counsel for the defendant assigns and argues 19 errors. We have not confined ourselves to a study of these points alone, but in accordance with Code of Ala. 1940, Title 15, § 389, we have examined the entire record for reversible error.

Defendant first argues the trial court erred in refusing the following requested charge:

"I charge you gentlemen of the jury, that the Defendant sets up an alibi in this case, and the burden of proof is not changed when he undertakes to prove it, and, if by reason of the evidence in relation to such alibi, when considered with all other evidence, the jury entertain a reasonable doubt as to the Defendant's guilt, he should be acquitted, although you may not be able to find that the said alibi has been fully proven."

█ Without deciding whàt other defects might exist in connection with this charge and without deciding whether it might be otherwise error to refute, it was not error here for the simple reason that the court's oral charge expressly covered the question of burden of proof, reasonable doubt, the law regarding inconsistent testimony, and in addition, the court gave the following charge at the request of the defendant which adequately explained to the jury the law on the issue of alibi:

"I charge you gentlemen of the jury, that evidence to support an alibi should be weighed, considered by the jury just as other evidence and in connection with all the other evidence, and, if, upon consideration of the whole evidence, there is a reasonable doubt of defendant's guilt, he should be acquitted."

█ It was not error either to refuse defendant's requested charges numbered 3 and 6 since the proper hypothesis for a requested charge in a criminal prosecution is rested on "belief" from the evidence, and not "reasonably satisfied". Thus the refusal of the charges not so hypothesized does not constitute reversible error. Garrett v. State, 268 Ala. 299, 105 So.2d 541; Payne v. State, 261 Ala. 397, 74 So.2d 630; Wesson v. State, 251 Ala. 33, 36 So.2d 361. Then, too, charge number 6 contained several misspelled words. The appellant says in reply brief that the spelling errors were made in copying the charge in the transcript. This may well be true, but the burden to file a correct record is on the appellant. Rushing v. State, 40 Ala.App. 361, 113 So.2d 527. If the transcript is incorrect, the proper mode of correction is by a writ of certiorari, not by an ex parte statement in the brief of counsel. Morris v. State, 268 Ala. 60, 104 So.2d 810; Cash v. Usrey, 278 Ala. 313, 178 So.2d 91; Code 1940, Title 7, § 827(1), 827(4).

The defendant's assignments of error numbers 4 through 10 are based on the trial court's refusal to give 7 requested charges which seek to instruct the jury on the presumption of innocence and the doctrine of reasonable doubt. We feel these matters were substantially and fairly covered in the court's oral charge and in defendant's charge number 14 which was given. Code of Ala. 1940, Title 7, § 273.

█ Defendant next argues by assignment of error 11 that the court below committed reversible error when it sustained an objection to the following question asked by defendant's counsel to the victim's mother:

"You got the idea from your conversation that the police thought that they had the man?"

The defendant sought to show by this question that the witness had conveyed to her daughter the belief that the police thought they had the attacker in custody, and that this so operated on the daughter's mind she being of tender age and impressionable, so that she was mentally conditioned to pick a man out of the line-up who looked like the assailant.

We agree that the jury was entitled to know the conditions under which the three girls identified the defendant, but not at the expense of illegal evidence. The record shows that the defendant was allowed to put in evidence the conversation between the witness and the police. But the question which inquired of the witness what the police "thought", and asked her to express her "idea" from the conversation was patently objectionable, for in this state a witness may not testify to the uncommunicated intent of another (Holmes v. Holmes, 212 Ala. 597, 103 So. 884; Casualty Reciprocal Exchange v. Wallace, Ala., 189 So. 2d 861)[1]; nor may a witness testify to his own intent, motive, reason, belief, or the like. Casualty Reciprocal Exchange v. Wallace, supra; McElroy, "The Law of Evidence in Alabama", 2d Ed., Vol. 1, § 102.07, and cases there cited.

1. Ante p. 61.

■■ Assignment of error 12 is predicated on the action of the trial court in denying defendant's motion for a mistrial based on the cross-examination by defendant of a police officer. The officer was being questioned about a composite made from descriptions given by the three little girls. When asked by the defendant's lawyer to read what the composite said, the officer answered: "Well, this composite was made in two separate cases". The trial court denied defendant's timely motion for a mistrial. The defendant argues in brief that the answer indicated or implied that the accused was involved in another case besides that for which he was being tried. Of course, it is well recognized that the granting of a mistrial is within the sound discretion of the trial court, for he, being present, is in a much better position to determine what effect, if any, some occurrence may have upon the jury's ability to decide the defendant's fate fairly and justly. And we will not interfere with the trial judge unless there had been a clear abuse of discretion. Here, the answer given, "Well, the composite was made in two separate cases", has been considerably embellished by counsel in brief. The record itself is devoid of statements, insinuations, or implications, other than the officer's answer, that the defendant was somehow connected with another crime. A bare reading of the record does not convince us that the defendant's rights were prejudiced under the circumstances; therefore, we will not disturb the trial court's ruling in this regard. Code of Alabama 1940, Title 30, § 100; Andrews v. State, 174 Ala. 11, 56 So. 998; Hallman v. State, 36 Ala.App. 592, 61 So.2d 857.

■ Assignments of error 14 and 15 are based upon the lower court's sustaining objections to the following respective questions propounded to an alibi witness for the defense:

"Q. Now, without saying what the Defendant said to you, can you tell the jury whether you and the Defendant at 1:30 P.M. on January 1st had any discussion and what the nature of that discussion was."

"Q. Did you notice anything unusual about the Defendant's manner or * * * on the morning you saw him on January 1st."

No error was committed here, for the proffered evidence did not have legal probative value. The rule is that the acts, declarations, and demeanor of an accused, before or after an offense, whether a part of the res gestae or not, are admissible against him, but, unless a part of the res gestae, are not admissible for him. Maddox v. State, 159 Ala. 53, 48 So. 689; Roberts v. State, 258 Ala. 534, 63 So.2d 584; Willingham v. State, 261 Ala. 454, 74 So.2d 241.

■ Appellant next argues reversible error was committed when the lower court refused to allow him any questions concerning a map of the City of Mobile shown to one of defendant's witnesses on re-direct examination. The witness had testified on direct that the defendant was a visitor in his home about the time of the subject attack, and on cross-examination that his (the witness') home was approximately 7 miles from the scene of the crime. The record does not show, nor does counsel argue in brief, that the offer of the map was made to rebut the witness and show the distance to be greater than 7 miles. If all the defendant expected to show by this map (and we must assume that is all) was the distance, then such evidence was already before the jury, and the court's refusal to admit it clearly was not a prejudicial error. As a general rule, questions on re-direct examination are admissible to rebut matters brought out on cross-examination, and the admissibility of matter on re-direct which is not in rebuttal is addressed to the sound discretion of the trial court. Dukes v. State, 210 Ala. 442, 98 So. 368; Mann v. State, 134 Ala. 1, 32 So. 704; Koger v. State, 38 Ala.App. 476, 87 So.2d 552.

The defendant claims the trial judge erred in sustaining an objection to the following question posed to a defense witness, Mr. Wilson:

"Q. What did you do when you got to your brother-in-law's house?"

The record shows that the witness testified he took the defendant with him to his (the witness') brother-in-law's house, the time of their arrival, and the duration of their stay. We agree with the lower court that it was in no wise relevant to learn of what the witness did while at his brother-in-law's house.

Complaint is next made that the court erred in permitting the prosecutor to state in his final argument maugre timely objection by counsel for the defendant, the following:

"My friend brought out about what we could have done. That we had the right of rebuttal, we have the last say. Yes, gentlemen, it is true that the State has the last say in a criminal case but Mr. Riddick didn't tell you that the Defendant gets two strikes to the State's one."

The defendant objected to the statement concerning the number of strikes each side had, but the court stated it felt the argument proper and overruled the objection.

In the case of Oliver v. State, 232 Ala. 5, 166 So. 615, this court per Mr. Justice Thomas said:

"The argument for the state, that in selecting the jury the defendant had two strikes to the state's one, had no proper place as an appeal to the jury (Watson v. State, 155 Ala. 9, 46 So. [232] 236). The trial court sustained the objection thereto."

The statement by Judge Thomas was dictum, for the case was reversed on another point. Furthermore, the Watson case cited as authority for the statement is not remotely connected to the subject of jury strikes. It is our view that the failure of the trial judge to sustain the defendant's objection, or to instruct the jury to disregard the comment, did not constitute prejudicial error. For that matter, those 12 jurors sitting upon the trial of the cause knew that the defendant had two strikes to the state's one if they cared to listen or watch the selection proceeding. We cannot say that a statement such as the prosecutor made here would constitute even harmless error when the actual mechanics of selecting the jury were necessarily performed in their presence.

Finally, error is alleged in the ruling of the trial court which overruled defendant's objection to the prosecutor's remark to the jury that,

"You know how the color of hair changes and can be changed."

There was testimony by a police officer from information given them by the little girls that the assailant at the time of the crime had dark hair and was greying around the temples. As the defendant appeared upon his trial, his hair was totally black. It is argued by the defendant that the prosecuting attorney's remark did not refer to facts in evidence and constituted reversible error. The remark of the prosecutor was not made as a matter of fact but was a mere expression of belief or opinion and was not error. Downey v. State, 115 Ala. 108, 22 So. 479; Cross v. State, 68 Ala. 476; Robertson v. State, 35 Ala.App. 273, 47 So. 2d 227, cert. den. 254 Ala. 92, 47 So.2d 230.

Mindful of our duty in cases of this nature, we have examined the record for prejudicial error and are persuaded there is none.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.