TYSON,Judge.
Ezekiel Poole was indicted for the murder of one O.C. Hudson “by shooting him with a pistol” in violation of § 13A-6-2, Code of Alabama 1975. The jury found the appellant “guilty of manslaughter as charged in the indictment,” and the trial judge set sentence at twelve years in the penitentiary-
On the night of March 8,1981, the appellant was at Earl Reynolds’ Disco Inn. Sarah Moore testified she was also at the Disco Inn that night and that she and the appellant had a discussion following which he struck her on the head with his pistol. Moore stated she was at the disc jockey’s table when the appellant told her what he would do if she turned up the stereo. She then turned up the stereo and the appellant knocked her down, hit her on the head several times with his pistol and she injured her head. Several other witnesses testified they also saw the appellant hit Moore on the head with a pistol.
Following this incident, Earl Reynolds, the owner of the Disco Inn, told the appellant he would have to leave the place. The appellant started toward the door and the deceased, O.C. Hudson, followed. There was testimony that the deceased followed the appellant out of the door and kept telling the appellant that he was wrong to have hit Moore. Once outside, the appellant was walking toward the road and the deceased stepped off the porch. The appellant told the deceased not to come any closer and the appellant then stopped.
At this point, the appellant, Poole, shot his gun at least twice. Several witnesses testified that the deceased, Hudson, did not have a weapon in his hands and they did not see him attempt to reach for a weapon. However, the appellant said he shot only after he saw the deceased reach into his back pocket.
The deceased fell to the ground and the Sheriff’s Department was called. The appellant fled the scene.
Deputy Sheriff Gary Vancil testified he was called to the scene of the crime on that night. When he arrived, he interviewed several witnesses and then went to pick up the appellant at his house.
Vancil, his partner Roger Goodman, and Deputy J.E. Hall went to the appellant's home but did not find him at home. They did hear a rustling in the bushes across the street from the appellant’s house.
At this point, the three identified themselves and told whoever was in the bushes to come out. Vancil then shined a flashlight into the bushes and saw the appellant, Poole, lying down and pointing a gun at him. The appellant fired a shot and the deputies returned the fire. The appellant was wounded in the exchange and taken to the hospital.
Dr. Joseph Embry, a pathologist with the Department of Forensic Sciences testified he performed the autopsy on the body of the deceased. He found two gunshot wounds to the lower abdomen and in his opinion, the deceased died from one of those wounds.
Howard Gray, an investigator - with the Dallas County Sheriff’s Department, testified that the coroner found a razor in the back pocket of the deceased’s pants. He kept the razor in his evidence file (and listed it on his report) but did not send it to the lab to be tested because none of the witnesses mentioned having seen the razor.
I
The appellant contends that the trial court erred by refusing to grant the defense’s motion for a mistrial. Defense counsel submits that a mistrial should have been granted because the state failed to disclose exculpatory evidence favorable to the appellant, specifically, the fact that a razor was found in the back pocket of the deceased’s pants.
Defense counsel relies on Robinson v. State, 405 So.2d 1328 (Ala.Cr.App. 1981) as authority for the proposition that the *896 state has an affirmative duty to disclose any material exculpatory evidence to the defense. While we agree with this statement of law, the case at bar is clearly distinguishable on the facts from Robinson v. State, supra.
In that case, the deceased was found with a machete lying by his side and there was testimony from a witness that the deceased approached the accused, Robinson, with this machete. These facts are significantly different from the ones presented in this case. Several witnesses testified at trial that the deceased did not have anything in his hands when he was shot, and none of those witnesses saw the deceased reach for his pocket. The appellant was the only person who saw the deceased reach for his pocket and even he admits that he did not see the razor at the time of the shooting, or at any time that night.
Under these circumstances we find that the existence of a razor in the pocket of the deceased’s pants is not material exculpatory evidence, particularly in view of the fact that no one knew of its existence there, except for the coroner and Investigator Gray, who found it during the inventory of the deceased’s belongings. The State did not even know of the existence of the razor until the trial began, because Gfay did not think it had any tendency to clear the appellant of his guilt.
Moreover, even if the State acted improperly by failing to disclose this information, we still do not believe that the appellant was prejudiced in any way.
In hearing the motion for a mistrial, the trial judge stated: “I don’t think it’s prejudicial to you to the extent it completely alters your theory of your case, Mr. Faile. You already indicated to this Court that your defense was self-defense. All this does is bolster your case.” (R. 193). See Shadle v. State, 280 Ala. 379, 194 So.2d 538 (1967).
Lastly, the decision as to whether to grant a mistrial is within the sound discretion of the trial judge. Wright v. State, 421 So.2d 1324 (Ala.Cr.App.1982). We do not believe the trial judge abused this discretion by failing to grant the defense’s motion for a mistrial.
Therefore, the judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.