Pamela A. Grimes was charged with the offense of driving under the influence of alcohol. The jury found the appellant "guilty as charged" of this offense and the trial judge
sentenced her to a term of one year in the county jail.
Officer Patrick Mahaney testified that he was a State Trooper on the evening of August 2, 1984. At approximately 11:10 p.m., as Mahaney was traveling southbound on Highway 231 North, he saw a vehicle pull out of the parking lot of the Bait Shop Lounge. The vehicle proceeded north on Highway 231 at a very slow rate of speed. Mahaney turned around and began following this vehicle.
Mahaney stated that he observed this vehicle weaving within one lane. He followed the vehicle across a bridge into Elmore County and stopped it as the vehicle turned onto Redland Road.
He approached the vehicle and asked the driver for her license. The driver was the appellant. Mahaney detected the odor of beer on the appellant's breath and noticed beer bottles in the vehicle. He then transported the appellant to the State Trooper's Office in Montgomery, Alabama.
There, the appellant performed a series of tests and was administered a PEI test. The results of this test revealed the appellant's blood alcohol content was .11.
 I
During the direct examination of Officer Mahaney, the following occurred:
 "A. I asked for the driver's license and I remember she stated and said words to the effect, you troopers are always picking on me.
"Q. What did you say to her then?
 "A. I said I didn't know what she was talking about. I found out later what she was talking about but I didn't know at the time.
"MR. SIMPSON: Your Honor, may I approach the bench.
 "(Bench discussion out of the hearing of the jury as follows:)
 "MR. SIMPSON: I state on the record that I object to the response to the question as being unresponsive and move for a mistrial. I state that the jury has been prejudiced by his reference to learning what she meant about state troopers always picking on her.
 "MR. TALIAFERRO: Your Honor, the State would simply say that his client has not been prejudiced by that remark. It is a remark that she made.
 "THE COURT: I will deny the motion for mistrial." (R. 19).
The appellant now contends the trial judge erred by denying his motion for a mistrial.
The decision as to whether a mistrial should be granted is within the sound discretion of the trial court. Shadle v.State, 280 Ala. 379, 194 So.2d 538 (1967); Poole v. State,430 So.2d 894 (Ala.Crim.App. 1983). The trial judge is in the best position to determine whether a mistrial should be declared because he is able to hear and observe what happens at trial.McMurphy v. State, 455 So.2d 924 (Ala.Crim.App. 1984).
 "A high degree of `manifest necessity' for granting of a mistrial must be demonstrated before a mistrial should be granted. Woods v. State, 367 So.2d 982
(Ala. 1978); Ala. Code § 12-16-233 (1975). `The entry of a mistrial is not lightly to be undertaken. . . . [T]he entry should be only a last resort, as in cases of otherwise ineradicable prejudice.' *Page 1055 Thomas v. Ware, 44 Ala. App. 157, 161, 204 So.2d 501
(1967) (emphasis in original)."
Hunt v. State, 453 So.2d 1083, 1085-86 (Ala.Crim.App. 1984).
 "A motion for a mistrial implies a miscarriage of justice and should only be granted where it is clearly manifest that justice cannot be afforded. It specifies such fundamental error in a trial as to vitiate the result. Dickey [v. State, 390 So.2d 1177
(Ala.Cr.App. 1980)], supra."
Young v. State, 416 So.2d 1109 (Ala.Crim.App. 1982).
 "A motion for mistrial does not serve the same function as a mere objection or motion to strike; neither does it include a motion to strike or exclude testimony as a lesser prayer for relief. Farley v. State, 437 So.2d 639 (Ala.Cr.App. 1983)."
Hunt, supra at 1086.
Officer Mahaney's answers were not such that they were ineradicable from the minds of the jury. Any prejudice to the appellant as a result of Mahaney's answers could have been eradicated by curative instructions from the trial judge. Defense counsel's motion for a mistrial was not the proper way to eliminate the consideration of Mahaney's answers from the jury. Griffin v. State, 364 So.2d 428 (Ala.Crim.App. 1978).
A mistrial in this case would have been too harsh a result. Defense counsel could have and should have asked for curative instructions. This was not done.
Therefore, the trial judge did not abuse his discretion by denying the motion for a mistrial.
 II
Officer Mahaney testified that, in his opinion, the appellant was under the influence of alcohol when she was stopped. The appellant contends this statement was an opinion on the ultimate fact in issue.
This argument is without merit. An officer may give his opinion as to the sobriety vel non of the accused in a DUI case. Grimes v. State, 488 So.2d 8 (Ala.Crim.App. 1986) and cases cited therein.
The judgment of the trial court is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.