TAYLOR, Judge.
Appellant Charles Michael Brewer was convicted for the second time for the murder of Diana Lynn Holland. His first conviction resulted in a reversal, Brewer v. State, 440 So.2d 1155 (Ala.Cr.App.1983), in which we discussed, at length, the propriety of references to a previous case in which Brewer had pleaded guilty to assault with intent to murder. Brewer was sentenced to life imprisonment and brings this appeal. The issues raised on this appeal both revolve around whether the state elicited testimony regarding the previous crime, since this had been the reason for the original reversal. Each issue involves the interpretation of a statement in evidence.
I
Ronald Reach, who was in the Tuscaloosa County Jail at the same time as appellant Brewer, testified on direct examination as follows:
“Q: Okay. Let me ask you this, did Mike Brewer during this same period of time ever say anything to you about his guilt or innocence in this case?
“A: He Mike Brewer told me that he killed her, that he would get away with it.
“Q: All right, sir. I will ask you to state whether or not Mike Brewer ever said anything to you about the circumstances of talking with the investigators in this case about this case at his apartment complex?
“A: Yes, sir, he said that when they came to — when they came there to his apartment to the apartment building to investigate that they hadn’t talked to him and that bothered him so he went forward to talk to them as a not to look suspicious [sic].
“Q: All right, sir. I will ask you will sir [sic] to state whether or not during this same period of time these conversations that you have told us about did Mike Brewer ever say anything to you while he was in jail about the [outcome] of this case after he was released? |
“A: He said that he would beat it again.
“Q: All right.
“MR. BURROUGHS: We object Your Honor and move for a mistrial.
“MR. FREEMAN: I don’t understand the nature of the objection?
“THE COURT: All right. Approach the bench. (At this time counsel for the state and the defendant approached the bench wherein the follow *484 ing occurred outside the hearing of the jury.)
“MR. BURROUGHS: Your Honor this is getting into the other case tried and we object to it.
“MR. FREEMAN: No, Your Honor that is what he told him.
“MR. BURROUGHS: We just got a case back saying that you couldn’t go into things like this.
“MR. FREEMAN: Your Honor these are statements made by the defendant as to what he was going to do.
“MR. BURROUGHS: Well, we feel it is grounds for a mistrial and we insist upon one.
“THE COURT: Well, I will sustain the objection and I will poll the jury.”
The court then proceeded to instruct the jury to put the last answer out of their minds and asked them if they could put that answer out of their minds and give a fair and impartial verdict based on the evidence. Each of them said that they could.
On appeal it is argued that the statement of the witness quoting the appellant referred back to an attempted murder case he had pleaded guilty to in the past. It is obvious to us from the context of the questions that the statement refers to the present case. In the attempted murder case, Brewer didn’t “beat it.” He pleaded guilty. It is clear from all the questions in the series that they are addressed only to things which Brewer said regarding this case. We agree with the appellee that no issue is presented by this testimony. In Woods v. State, 460 So.2d 291 (Ala.Cr.App.1984), this court stated:
“When, as here, a trial court immediately charges the jury to disregard improper remarks, there is a prima facie presumption against error. Elmore v. State, 414 So.2d 175 (Ala.Crim.App.1982); Kelley v. State, 405 So.2d 728 (Ala.Crim.App.), cert. denied, 405 So.2d 731 (Ala.1981); Chambers v. State, 382 So.2d 636 (Ala.1980); Nix v. State, 370 So.2d 1115 (Ala.Crim.App.), cert. denied, 370 So.2d 1119 (Ala.1979).
“Where a trial court acts promptly to impress upon the jury that improper questions are to be disregarded by them in their deliberations, the prejudicial effects of such remarks are removed. Minor v. State, 402 So.2d 1121 (Ala.Crim.App.1981); Grey v. State, 369 So.2d 889 (Ala.Crim.App.1979); Brown v. State, 366 So.2d 334 (Ala.Crim.App.1978); Woods v. State, 344 So.2d 1225 (Ala.Crim.App.), cert. denied, 344 So.2d 1230 (Ala.1976). Even ‘inadvertent slips’ which are prejudicial to a defendant need not be cause for a mistrial where the judge acts promptly to impress upon the jury that improper statements are not to be considered by them. Richardson v. State, 374 So.2d 433 (Ala.Crim.App.1979); Elmore, supra.
“The actions of the trial judge were prompt in this case. The matter was not so prejudicial that it could not be erased from the minds of the jury. In such a case, the right to declare a mistrial rests in the sound discretion of the presiding judge. Shadle v. State, 280 Ala. 379, 194 So.2d 538 (1967); Hallman v. State, 36 Ala.App. 592, 61 So.2d 857 (1952); Durden v. State, 394 So.2d 967 (Ala.Crim.App.), writ quashed, 394 So.2d 977 (Ala.1981).
“Such action by the trial judge will only be disturbed upon a showing of manifest abuse, and no such abuse is evident in this case. Woods v. State, 367 So.2d 982 (Ala.1978); Shadle, supra; Kennedy v. State, 371 So.2d 464 (Ala.Crim.App.1979); Moore v. State, 49 Ala.App. 408, 272 So.2d 615 (1973).
“The entry of a mistrial is not lightly to be undertaken. It should be only a last resort, as in cases of otherwise ineradicable prejudice. Where error is eradicable a mistrial is too drastic and is properly denied. Chillous v. State, 405 So.2d 58 (Ala.Crim.App.1981); Van Antwerp v. State, 358 So.2d 782 (Ala.Crim.App.), cert. denied, 358 So.2d 791 (Ala.1978); Thomas v. Ware, 44 Ala.App. 157, 204 So.2d 501 (1967).
“When prejudicial remarks have been made, the trial judge is in a better posi *485 tion than the appellate court to determine whether the remarks were so prejudicial as to be ineradicable. Chambers, supra.”
Even if the question or the answer had been found to be improper or to refer to a previous crime, the prompt action of the court cured any error.
II
The appellant next contends that error was committed during the cross-examination by the state of one Stanzick, another prisoner in jail awaiting sentence:
“EXAMINATION RESUMED BY MR. FREEMAN:
“Q: Mr. Stanzick let me ask you did Mr. Brewer there while you were in the county jail with him Mike Brewer [sic] tell you that he went out one night and had drunk something or ate something and didn’t remember what happened that night and woke up the next morning and had blood on this shirt and knuckles?
“A: Yes, sir.
“Q: Did he make that statement to you?
“A: Yes, sir.
“Q: Was that in connection with this case?
“A: I—
“Q: Let me ask you this—
“MR. BURROUGHS: This is exactly what we are talking about Your Hon- or.
“Q: Concerning that same statement let me withdraw that question and I will ask you this if Mr. Brewer Mike Brewer at that time said to you that he had done it and was guilty?
A: Did he tell me he had done it and was guilty?
Q: Yes, sir, in connection with this case?
“A: He had never told me he did it no he had told me that he had gone out one night and drank or ate something and had blacked out — and had woke up the next morning and didn’t know what he did that night and there was blood on his knuckles and on his shirt but he had never pleaed [sic] to me telling me that he was guilty.”
Six witnesses later in the trial of this case, the defense counsel objected to the above matter. He contended that the testimony regarding the “blackout” related to the attempted murder case several years before. It is entirely obvious to us that the questions all related to “this case.” In the attempted murder case which took place some seven or eight years before, Brewer had made a statement that he blacked out at the scene of the crime but became conscious at the scene of the crime and the victim was still there. While this statement bears some similarity, it is more different than it is similar. Whether this comment relating to “one night” out of Brewer’s life referred to the night of this murder, we cannot say. But we are satisfied that as a factual matter the comment did not relate to his previous crime of assault with intent to murder.
A close and careful examination of the record in this case simply indicates no error. The accused had a fair trial. This case is due to be affirmed.
AFFIRMED.
All the Judges concur.